## QUARLES vs. QUARLES.

1. A bill for a divorce *a vinculo matrimonii*, which alleges cruelty, abandonment and adultery on the part of the defendant, is not multifarious.

2. When a divorce *a vinculo matrimonii* is decreed in favor of the wife, it is error to decree alimony to her, instead of a division of the estate between the parties, (Clay's Dig. 170, § 8.)

3. A proposal made by the wife, but rejected by the husband, to return to his house, from which she has been driven by his cruel treatment, cannot be construed into a condonation of his cruelty.

ERROR to the Chancery Court of Wilcox. Tried before the Hon. J. W. Lesesne.

THIS was a bill filed by the wife against her husband, alleging cruelty, abandonment and adultery on his part, and praying a divorce *a vinculo matrimonii*. The bill alleged that a short time before it was filed, complainant had offered to return to her husband's house, and that her offer had been rejected by him. The chancellor granted the prayer of the bill, and also decreed alimony to the complainant out of her husband's estate.

Geo. W. GAYLE, for plaintiff in error:

This bill was filed for divorce *a vinculo*, upon three grounds, viz: cruelty, adultery and abandonment. There was a special demurrer for misjoinder of causes of divorce, which was overruled, and a decree *a vinculo* rendered, and alimony allowed.

I. The court below erred in refusing to sustain the special demurrer to the bill for multifariousness. 1. What is multifariousness? It is union of distinct matters.—See Story's Eq. Plead. 224, § 271; Chapman v. Chunn, 5 Ala. 402. 2. The grounds are distinct under our statute, the disjunctive conjunction "or" being used (see Clay's Dig. 107, § 3;) and being analogous to attachment suits, cannot be united. 3. The subject matters, (cruelty, adultery and abandonment,) are distinct, because different decrees are allowed for cruelty and adultery. The decree for cruelty may be *a mensa*, for adultery must be *a vinculo*. 1. As to cruelty.—See 3 Bl. Com. mar. p. 94; 1 ib. ch. 15, p. 432-440 & 443; Clay's D'g. 171, § 19. Upon this decree, alimony is allowed.—See Lovett

v. Lovett, 11 Ala. 763; Poynter on M. & D. 85. 2. As to adultery, 3 Bl. Com. mar. p. 94; 1 ib. ch. 15, 432-440 & 443. Upon this decree alimony is not allowed, but the estate is divided.—See Clay's Dig. 178, § 8; Lovett v. Lovett, 11 Ala. 767. This question of multifariousness for the joinder of distinct causes has been repeatedly decided.—See Pomroy v. Pomroy, 1 J. C. R. 606; Smith v. Smith, 4 Paige, 92; 1 Barber & H. Dig. 263, § 19. 4. If the bill is multifarious, it must be dismissed. See McIntosh v. Alexander, 16 Ala. 87.

II. If the special demurrer is insufficient to dismiss the bill, then the bill, upon the court's own motion, should have been dismissed for want of equity. 1. The bill alleges abandonment, and shows upon its face that complainant left defendant's house ten days only before filing bill. It don't show that defendant left for three years with intention of abandonment.—See Clay's Dig. 170, § 3. 2. The bill alleges cruel treatment, and shows upon its face that complainant was a kind, dutiful and affectionate wife, up to ten days of filing bill; and yet alleges cruel treatment to be of twenty years duration. It shows no period at which it commenced, ceased, or was renewed, and consequently shows condonation by lapse of time.—See Poynter on M. & D. p. 71, § 82; 2 Sup. U. S. Dig. 135, § 415; 4 Eccl. R. 238; 9 U. S. Dig. 271; Shelford on M. & D. 249-242. 3. The bill alleges adultery, and shows that after knowledge, she co-habited.—See Poynter on M. & D. 81; 2 U. S. Dig. 513, § 418-19-20-25. This is likewise condoned, and well may the chancellor have selected cruelty as the basis of decree. The adultery must be after abandonment, and is not so charged.—See Clay's Dig. 170. § 3. 4. The bill shows the offer of complainant to return, and this is a condonation of all offences, if any were committed.—See 2 Kent's Com. 100. 5. If there were cruelty, the wife caused it, and can't complain.—Shelford on M. & D. 241; Gray v. Gray, 15 Ala. 779.

III. The Chancery Court erred in allowing alimony upon a decree a vinculo. The estate should have been divided under the statute. 1. Alimony only allowed on divorce a mensa et thoro.—See Lovett v. Lovett, 11 Ala. 763; Poynter on M. & D. 85. 2. Upon decree a vinculo, the estate is divided.—See Clay's Dig. 179, § 8; Lovett v. Lovett, 11 Ala. 767. 3. Ali-

mony is never allowed unless the allegations of the bill are sustained, (not sustained as to marriage.)—See Wood v. Wood, 2 Paige, 454.

IV. The bill should have been dismissed, because there was no proof of marriage. 1. There must be proof of marriage to give jurisdiction.—See 1 Mass. 241; 2 U. S. Dig. 512, § 393; Shelford on M. & D. 337. 2. Proof of marriage becomes necessary from the acts of the Legislature. They say—1. The answer shall not be sworn to, and bill shall not be taken for confessed, and allegations must be proved.—See Clay's Dig. 170, § 6; Richardson v. Richardson, 4 Por. 467. 2. Confessions in answer shall not be received.—See Clay's Dig. 171, § 16.

T. & J. WILLIAMS, contra :

1. A complainant may join in the same bill two good causes of complaint arising out of the same transaction, where all the parties are interested in the same claim of right, and where the relief asked is of the same nature.—Varick v. Smith & the Attorney General, 5 Paige, 137; P. & M. Bank v. Walker, et al. 7 Ala. 927; Lewen v. Stone, 3 Ala. 485.

2. To constitute multifariousness, a bill must charge several distinct matters totally unconnected.—Chapman v. Chunn, 5 Ala. 402; Kenedy v. Kenedy, 2 Ala. 573; Coulburn v. Broughton, 9 Ala. 351.

3. The cases from New York on the subject of multifariousness in cases of divorce, are on their particular statute, and do not furnish authority of the rule under our statute. Vide Pomeroy v. Pomeroy, 1 Johns. Ch. R. 606; Revised Statutes of New York, vol. 2, 144, art. 3, § 38, and also p. 146, art. 4, § 50-51; for adultery the bonds of matrimony are dissolved; for cruelty, only from bed and board.

4. But this bill does not sufficiently charge adultery, to constitute a specific charge for relief on that ground.—Clay's Dig. 170, § 16.

The charge should be abandonment and living in adultery, which is not done. To "prevent collusion" confessions of either party shall not be received. Admission of marriage is no part of the admissions forbidden by the statute.—Vide Betts v. Betts, 1 Johns. Ch. 197, on the subject of admissions of party.

CHILTON, J.—1. It is no valid objection to this bill, that

several distinct grounds for divorce *a vinculo matrimonii* are embraced in it. The title to the relief prayed is the same whether one or the other of the several alleged grounds be proved. It is well settled that the plaintiff may aver facts of a different nature, which will equally support his application.—Story's Eq. Plead. § 254. But if we concede that the causes stated would support a prayer for multifarious relief, still in the case before us, no such relief is prayed, and consequently the objection for multifariousness must be overruled.—1 Danl. Ch. Pr. 384; Carpenter & Wife v. Hall, et al. 18 Ala. R. 439, citing Dick v. Dick, 1 Hogan's R. 290.

The cases cited from New York were predicated upon a statute of that State, different from our statutes regulating divorces, and are therefore not applicable.

2. The chancellor overlooked the statute, or mistook the law, in decreeing alimony, instead of decreeing a division of the estate between the parties as required by the act.—Clay's Dig. 170, § 8.—See this act construed in Lovett v. Lovett, 11 Ala. 763. For this error, the decree must be reversed and sent back.

It is proper, however, to remark, lest the case should return upon us, that it would be well for the complainant to apply to the chancellor for leave to take additional proof of the marriage, which is not shown except inferentially. Indeed, no effort appears to have been made to prove it.

3. It is also proper to add that we have carefully examined the proof contained in the record, and are of opinion, that it furnishes no evidence of a condonation of the cruelty which is alleged in the bill, and which we think is sufficiently proved.

We have been referred to no case, and we presume none can be found, which holds that a proposition made by the wife, who has been driven by the cruel and barbarous treatment of her husband from his house, again to return, but which he indignantly spurns and rejects, shall be regarded as a condonation of his cruelty. This prudent, but rejected offer should not prejudice her rights, more especially when it does not appear that the husband has ever repented, or changed his determination to render her a perpetual outcast from his house and society.—6 Mass. R. 69.

For the error in decreeing alimony, the cause must be reversed and remanded.