## MORRIS *vs.* MORRIS.

1. A bill for a divorce is not demurrable, because it alleges two distinct grounds of divorce.
2. When a bill alleges that the husband *drove his wife out of his house*, and that he lives in adultery with another woman, the case is within the statute, and is equivalent to an allegation that he "*abandoned her*," &c.
3. In applications for divorce, when the answer admits the marriage, proof that the parties had lived together as man and wife for more than forty years, is sufficient evidence of the marriage.

ERROR to the Chancery Court of Morgan.
Tried before the Hon. D. G. Ligon.

This was a bill for divorce and alimony by the wife against the husband.

The bill charges, that the parties were married in 1801, and lived together as man and wife, in North Carolina and this State, until some time in 1842 : that in that year the husband drove his wife, the complainant, from his house, by fear and threats; and that about this time he commenced an adulterous connection with another woman, one Martha Jones, by whom he was reputed to have three bastard children at the time of filing the bill.

The bill also alleges that the conduct of the husband towards her was "cruel and unhusbandlike," but does not specify any acts of corporal harm. It is also alleged, that he made no provision for her support, but left her to find a support in old age, as best she could. The bill also alleges that the husband had already received from the estate of the wife's father, a certain sum of money, and that there was other money coming to her from that quarter, which she prayed he might be enjoined from receiving. The pecuniary means of the husband are set out, and the bill concludes with a prayer for divorce from the bonds of matrimony, and for alimony.

The answer denies all the material allegations of the bill, except the fact of marriage. There is a demurrer to the bill, for multifariousness, and for want of certain and sufficient allegations; which was overruled.

The chancellor, at the hearing, upon the bill, answer, and proofs, decreed in favor of the complainant, dissolving the marriage, and granting to the wife an allowance out of the husband's property.

The assignments of error amount to but three, in substance,

1. That the bill is multifarious. 2. That the allegations are not certain and sufficient. 3. That the proofs did not authorize the decree.

THOMAS M. PETERS, for plaintiff in error.

1. Defendant's demurrer should have been sustained. In

11

this State, divorces *a vinculo* shall only be granted in "cases" provided for by law. Some one, or all these "cases" should be alleged in the bill, either in the language of the statute, or in language of equivalent import, and at the same time specifying the facts which constitute the "case," or grounds for divorce relied on; otherwise, the bill is without equity, and demurrable. Const. of Ala. Art. 6, § 13; Clay's Dig. 169, 170, § 1, 2, 3; 10 Ala. Rep. 527; 4 Port, 467–476; 8 N. H. 160.

2. The bill is multifarious, because no one separate statutory "case" for divorce is stated in it, but parts of several are indiscriminately mingled together, so that it does not appear, with reasonable certainty, upon what grounds relief is sought; whether for "abandonment," "adultery," or "cruelty." This is not allowable. 11 Paige, 166; 4 Paige, 92; 1 Edw. 14; Story Eq. Pl. 295, § 271.

3. And though it may be admitted, that a party may join in the same bill, several distinct "cases" for divorce, without rendering it multifarious, yet each "case," or ground, or the facts constituting it, should be separately and distinctly alleged; and *parts* of *different* "cases," or grounds, should not be confusedly joined, as is done here. 4 Mass. 430; 7 Ired. 674; Story Eq. Pl. 268, § 241. *et seq.*; 4 Port. 467; 8 N. H. 160.

4. And if the allegations are sufficient, they are not sustained by the evidence. In such cases, "the confessions," or admissions, of *neither* party are to be taken or received as evidence; they are *totally* excluded, by legislative enactment. And though they might authorize the court to proceed upon evidence and proofs much less stringent than might be otherwise required, yet, where there is nothing else, the proof must fail if it rests upon these. And without the defendant's confessions or admissions, it does not appear that the *marriage* was proved, or that the complainant was an *inhabitant* of this State for *three years immediately* before filing her bill, or that her husband ever abandoned her, and lived in adultery with another woman, or that he ever treated her with cruelty. The decree is therefore against evidence. Clay's Dig. 171, § 17 and 18; 1 Mass. 241; 4 Greenl. R. 100; 4 Port, 467; 1

John. Ch. R. 197; 3 Edw. 550; 2 John. Ch. R. 204; Wright, 632; 2 Mass. 154.

5. The wife should not separate from the husband, against his consent, for a less provocation than would be sufficient cause for a divorce: if she does, it is her own fault, and she cannot be heard to complain of the consequences. If *cruelty* is relied upon, it must appear that there was *actual* violence committed, attended with danger to life or health, or there must be reasonable apprehension of such violence. Mere threats, nor alienation of feelings, nor mere indignities, or a charge of infidelity by the husband against the wife; nor vulgar, obscene, and harsh language, with epithets suited deeply to wound the feelings and excite the passions, if unaccompanied with acts or menaces of violence; nor mere austerity of temper, petulance of manner, rudeness of language, a want of civil attention, occasional sallies of passion, if they do not threaten bodily harm, or even *blows* inflicted, in a sudden passion, not often repeated, or dangerous; nor corporal maltreatment, unless the husband endangers the wife's life, will entitle her to a divorce on account of *cruelty*. 11 Ala. Rep. 620; 1 Hagg. 35; 2 Mass. 150; 1 Brayt. 55; 10 Missouri Rep. 296; 17 Conn. Rep. 189; 2 J. J. Marsh, 322; 1 Edw. 278; 2 Paige, 501; 3 Edw. 469; 15 Ala. Rep. 779; 17 Ala. Rep. 250; Shelford on Mar. & D. 425, *et seq.*; 3 Met. 257; 5 Ired. 674.

D. C. HUMPHREYS, *contra.*

PHELAN, J.—The first point made is, that the bill is multifarious. We do not consider it liable to this objection. There is but one ground for divorce distinctly and fully stated, and that is, the ground of *desertion and adultery.* What is said about her being treated by the defendant in a "cruel and unhusbandlike manner," is not accompanied by any statement of particulars; is not in the form of a distinct complaint, nor is any proof brought to that particular allegation. But even if two distinct grounds for divorce are contained in the same bill, it is not demurrable on that account.

We come next to consider whether the allegations of this bill bring the case within the scope of our statute on the sub-

ject of divorces. The statute enumerates, as one of the cases in which a divorce may be granted, "when the husband shall have abandoned the wife, and lives in adultery with another woman." The allegation here is, that he *forced her* to *abandon him; drove her off* is the language of the bill. And this, it is insisted, does not bring the case within the statute. Then, if a man will only be guilty of the aggravated wrong of bringing an adulteress into his house and driving his own wife out, the statute will afford the injured wife no relief. It would be monstrous to give it such a construction, and we, therefore, hold the allegations sufficient.

But it is contended, in the last place, that the proofs do not justify the decree. We have examined them carefully, and we cannot hesitate to say that they make out a very gross and disgusting case of adultery on the part of an old man, who drives from the house the wife with whom he had lived for more than forty years, and by whom he had sons and daughters then grown.

It is also objected, that the fact of the marriage of the parties is not proved, except by the admissions of the answer, which it is insisted are not competent for this purpose. We express no opinion on this point; it is not necessary, for the fact that the parties lived together for many years as man and wife, is abundantly proved by the witnesses on both sides, and that is sufficient proof of marriage in this case.

Let the decree of the Chancellor be affirmed.