## REESE vs. REESE.

1. The statute which allows a bill for divorce to be filed in the chancery court of the county in which the complainant resides, is remedial and cumulative, and does not take away the right to file it in the county of the defendant's residence.
2. Every act of cruelty complained of need not be alleged in the bill with circumstantial particularity; one or two specifications will be sufficient, and the evidence may make out others under the general charge.
3. Where the wife continues to live with her husband for two years after the commission on his part of an act of gross violence, this will not amount to condonation, nor estop her from afterwards complaining of it.

ERROR to the Chancery Court of Lawrence.

Heard before the Hon. D. G. LIGON.

THE bill in this case was filed by Sarah Reese, by her next friend John M. Eldridge, against her husband, John C. Reese, who is the plaintiff in error, for a divorce *a vinculo matrimonii*, on account of cruel and inhuman treatment on his part.

The bill alleges that in January, 1831, she intermarried with the defendant, when he had a small amount of property, and she had considerably more than he had, which she brought to him. The bill then details a long series of indignities, cruelties and oppressions, continuing for a long series of years, until at last it became intolerable, and she was forced to abandon him. The bill alleges this continuous ill-treatment up to the time of her abandonment, but it also specifies certain times when his conduct to her had been more outrageous than at other times, and amongst others, one time is specified about two years before she abandoned him.

The bill prays that the marriage be dissolved *a vinculo*, and that a reasonable allowance be made to her out of the property as alimony for her support and maintenance.

The defendant answers the bill, denying all cruel treatment, and casting the whole blame of their unpleasant and disagreeable life upon the complainant, and by his answer presents himself before the court as blameless, whilst the complainant is anything but an innocent or an injured person.

96

The bill is demurred to, because there are no specific acts of cruelty alleged after a certain date specified in said bill, about two years before she abandoned him, and when his conduct was alleged to have been more than ordinarily brutal and cruel. The answer also states, by way of plea, that the complainant did not reside in the county of Lawrence, where the bill was filed, but in the county of Madison.

The answer further alleges, by way of plea to all that part of the bill charging cruel treatment before the 15th of September, 1846, that on that day all prior offences were condoned, and consequently cannot be alleged against the defendant.

Much proof was taken in the cause, too much to be repeated in this statement. The allegations of the bill are all substantially established by the clearest and most undoubted testimony.

The decree of the Chancellor was as follows:

" This cause is submitted on bill, answer, plea, demurrer and proof, for final decree. The bill is filed for divorce and alimony. The divorce is claimed on the allegation of cruel, inhuman and barbarous treatment on the part of the husband. The causes of demurrer are : first, that Mrs. Reese, the complainant, was at the time of filing the bill a resident of a different chancery district from the one in which the bill was exhibited. The statute which allows complainants in cases of divorce to file their bill in the courts of the district in which they reside, is remedial in its character, and cumulative of former remedies. It cannot be so construed as to take from complainants any pre-existing right. Jurisdiction in chancery, as well as at law, before the passage of that act, was fixed and regulated by the residence of the defendant, when he was a citizen of this State. This bill distinctly charges that the defendant resides in Lawrence County, in which it is filed. The demurrer, therefore, so far as it depends upon this cause, is overruled.

" The other ground of demurrer, which, with the one already disposed of, forms the principal matter of both demurrer and pleas, is, that the bill charges no specific acts of inhumanity, cruelty and barbarity after the 15th day of September, 1846, but that the charges are vague and general. On examining the bill, I find that the charges of cruel, inhuman and barbarous treatment are made to extend in general terms to the day of the final separation, and a few out of many instances are spe-

cifically charged, some without date, and one with the very day on which it occurred. I do not think it necessary to allege every act of cruelty complained of with circumstantial particularity ; one or two specifications will be sufficient, and proof may make out others under the general charge. In a lapse of eighteen years of matrimonial strife, such as is shown to have existed between these parties, it would require a voluminous bill indeed to charge every act of violence and abuse. The demurrer is, therefore, overruled.

" The pleas, except so far as relates to the question of condonation, are not sustained, and are disposed of in the examination of the demurrer.

"As to the question of what will amount to condonation of the wrongs and injuries sustained by the wife, when it has to be inferred from the acts of the wife, it would be exceedingly difficult to lay down any fixed general rule, which should govern in all cases. The wife who is timid and fearful, shrinks with horror and dismay from the odium which attaches to a separation from her husband, and becomes the patient martyr of his tyranny and brutality, rather than seek peace in separation, unless a time should arrive in the history of her sufferings, when, justified by the opinion of the world, and sustained by the counsel of friends, she might seek freedom in abandoning him. Such patient endurance would not amount to condonation.

" The wife of a dissipated and drunken husband, who has become the mother of his children, and the subject of his cruelty and inhumanity, will patiently bear her wrongs, under the hope, sometimes well founded but often delusive, of being able to reform him. Her forbearance in this respect, influenced as it is by the most praiseworthy of all motives, should not be construed into condonation of the brutal wrongs inflicted upon her, if, when she despairs, she seeks freedom in flight from the home of her misery and the scene of her humiliation and suffering.

"In this latter category I am constrained by the proof to arrange the present case, and consequently cannot regard the fact that complainant remained with the defendant for two years after the violence done her on the 15th September, 1846, as such evidence of condonation as will preclude her from now complaining of that wrong, and seeking such relief as the law will warrant for its infliction.

" Under this view of the case, my conclusion is, that the complainant is entitled to the relief she seeks. She is entitled to alimony, and it must be sent to the master, to ascertain what property should be allotted to her. In doing this, he will allot to her one half the slaves in value, leaving the balance of the estate, both real and personal, to the defendant, for himself and son."

The decree was then entered, dissolving the bonds of matri-mony between the parties, so far as the complainant was concerned, and the balance of the decree left to abide the master's report.

The errors here assigned are, that the court erred in its final decree.

WM. COOPER, for plaintiff in error, contended that the proof established a case of mutual misconduct, such as should estop either party from seeking relief; that the decree for alimony, giving the wife one half of the husband's estate, was wrong and not sustained by law, as the parties had one child; one-third would have been ample for her, under the circumstances. He cited Lovitt v. Lovitt, 11 Ala. 763 ; Quarles v. Quarles, 19 ib. 365 ; Clay's Digest 170 § 8.

R. O. PICKETT, contra, insisted :

1. That the statute allowing a bill for divorce to be filed in the county of the complainant's residence, was remedial in its character, and cumulative of former remedies; the complainant, therefore, might elect to exhibit her bill in the county of her own residence or in that of the defendant.—Butler v. Butler, 11 Ala. 668 ; Eldridge v. Turner, ib. 1049.

2. That it was not necessary to allege specifically every act of cruelty complained of ; that one is sufficient, and other acts properly come out in evidence.—Holden v. Holden, 1 Hag. Cons. R. 458 ; 23 Law Library 427, and cases there cited ; 2 Adams 27 ; 10 Ala. 527 ; 1 Hag. Ec. R. 776.

2. That it is legal and meritorious in the wife to be patient as long as possible, and that the facts proven in this case did not amount to condonation on her part.—6 Mass. 147 ; 1 Johns. Ch. 492; 3 Hag. Ec. R. 629 ; ib. 351; 9 Conn. 233; 4 Paige 460; 1 Hag. 733, 752, 786, 793 ; 2 Barr 449.

4. That the allegation of " cruel, barbarous and inhuman treatment," was fully sustained by the proof.—Lockwood v. Lockwood, 2 Curtis 281; 6 Bacon's Abr. 500; Moyler v. Moyler, 11 Ala. 620, and cases there cited.

GIBBONS, J.—We have thought proper to set out the de- cree of the Chancellor in the court below, *verbatim*, because we consider that it is full and conclusive, as to all the questions of law raised by the record. We fully concur in his decision on the various points presented in the case, and have but to add that his decree is in all things affirmed, with the costs of this court and of the court below.—*Vide* 19 Ala. 363, and 20 Ala. 629.