### ELIZABETH McDONALD vs. DAVID McDONALD.

A bill alleging two grounds for divorce— adultery and habitual drunkenness—is not, for that reason, defective for multifariousness.

*Saginaw Circuit in Chancery.*

*By the Court*, SUTHERLAND, J.—The bill in this case is filed for divorce, on two grounds : adultery and habitual drunken ness.

The defendant has been proceeded against as a non-resident, and the bill regularly taken as confessed, after publication of an order for his appearance.

There is no apparent reason for refusing the relief asked for, as the proofs satisfactorily establish all the material facts alleged, unless the bill should be deemed defective for alleging two substantive causes for divorce.

Is the bill multifarious ? If it is, the defendant may hereafter take advantage of it, and the Court should, for that reason *sua sponte*, raise the objection.

"By multifariousness," says Mr. Storey, "is meant the improperly joining in one bill, distinct and independent matters, thereby confounding them ; as for example, the uniting in one bill of several matters, perfectly distinct and unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill."—*Eq. Pl.* 271.

This vagueness, probably, cannot wholly be avoided in a definition, for the same author says : "The conclusion to which

a close survey of all the authorities will conduct us, seems to be that there is not any positive, inflexible rule as to what, in the sense of Courts of Equity, constitute multifariousness which is fatal to a suit, on demurrer."—*Id.* § 539. There are, however, tests so explicit that ordinarily it is not difficult to detect this defect in a bill, if it exists. The "distinct and independent matters" which Judge Story says must not be "improperly" joined, are probably not so much isolated facts set forth in the stating part of the bill, as distinct and independent cases, which do not conduce to *one relief*, but require separate, several, and perhaps a different relief.

Thus it is said by another author: "In endeavoring to avoid the error of making a bill not sufficiently extensive to answer the purpose of complete justice, care must be taken not to run into the opposite defect, or that of attempting to embrace too many *objects*, for it is a rule of equity that two or more distinct objects cannot be embraced in the same suit. The offence against this rule is termed "multifariousness.—1 *Dan. Ch. Pr.* 383. In a note to this it is said : " If a bill does not pray for multifarious relief it cannot be objected to for multifariousness, though the case stated would support a a prayer for multifarious relief;" citing *Dick vs. Dick*, 1 *Hog.* 290. See note to same effect, *Mitf. Plead.*, 181, where the same case is cited, and also *Pleasant vs. Glessock*, 1 *Smede & Marsh Ch. R.* 17, 24 ; *Varick vs. Smith* 5 *Paige* 137. In the note last referred to, it is likewise said that, " to render a bill multifarious, the matter must be not only separate and distinct, but each of a character entitling the complainant to a separate, equitable relief." Again it is said by the author first quoted (1 *Dan. Ch. Pr.* 394). "From the above cases it may be deduced that a plaintiff cannot give in his bill, even against the same defendant, matters of different natures, although arising out of the same transaction ; yet, when the matters are *homogeneous* in their character, the introduction of them in the same bill will not be multifarious ; and it is to be observed that the distinction will not be affected by the circumstance of the plaintiff claiming *the same thing under distinct titles, and that the statement of each different title will not render it multifarious*. Thus, where a bill was filed for tithes by

the rector of a parish in London, in which the title was laid under a decree made pursuant to the 37th *Hen. VII, C.* 12, by which payment of tithes was decreed in London, at the rate of 3s 9d in the pound on the rents, with a charge that in case such decree should not be deemed binding, the plaintiff was entitled to a similar payment, under a previous decree, made in the year 1535, and confirmed by the same act; and in case neither of the said decrees, were binding, the bill charged that the plaintiff was entitled, by ancient usage and custom from time immemorial, to certain dues and oblations calculated according to rent, at 2s 9d in the pound, &c: A demurrer for multifariousness was overruled."—13 *Price* 478–*S. C.*; *Robinson vs. Guild*, 12 *Metc.*; 323.

It is said to be the universal practice in England and in the United States to combine in one bill or libel for divorce, as many matrimonial wrongs as can be proved, if they are all causes for the same kind of divorce.— *Sec.* 326, *Bishop on Mar. & Div.*, 2 *vol.*; *Stokes vs Stokes*, 1 *Misso. R.* 320; *Morris vs. Morris*, 20 *Ala.*, 168; *Quarles vs. Quarles*, 19 *Ala.*, 363–366; *Young vs. Young*, 4 *Mass.*, 429.

I conclude that where only one object is sought, the complainant is not restricted to ask it solely on one ground. It is said in the case cited from 19 *Ala.*, that "it is well settled that the plaintiff may aver facts of different natures, which will equally support his application."

But if the practice was different, on a bill stating one ground for divorce, from the practice of a bill filed on another ground joined in the same bill, as if the answer to one ground could not be sworn to, and as to the other it must (*Decamp vs. Decamp*, 1 *Green*, 296–7); or if the decree would be different, as in New York, for the causes alleged in the bill in this case (*Smith vs. Smith*, 4 *Paige* 92; *Mulock vs. Mulock*, 1 *Edw. Ch. R.* 14; *Rose vs. Rose*, 11 *Paige*, 166; *Johnson vs. Johnson*, 6 *John. Ch. R.* 163; *Pomeroy vs. Pomeroy*, 1 *John. Ch. R.* 606); then the bill should be held multifarious.

No feature of practice or of the decree, regulated by statute has come under my notice, rendering it improper, if not otherwise so, to state in one bill as causes for divorce, adultery and habitual drunkenness.