No. 817.

## COAL BLUFF MINING CO. v. WATTS.

NEGLIGENCE.—*General Averment.—Sufficiency.—Particularity as to Act.—Motion.*—Where negligence is the gist of the action, the general averment of negligence in the particular act complained of is sufficient. The particular act complained of must be clearly stated, for a general allegation that will admit of almost any proof is bad. If the defendant desires a more specific statement, his remedy is by motion.

INSTRUCTIONS TO JURY.—*Evidence not in Record.— When Giving Instruction will not Reverse.*—Where the evidence is not in the record, the giving of an instruction will not work a reversal, unless it is erroneous under any possible state of the evidence.

From the Vigo Superior Court.

*S. B. Davis, J. C. Robinson, S. M. Reynolds, G. M. Davis* and *J. W. Fesler,* for appellant.

*W. Mack, D. W. Henry, J. D. Piety, J. E. Piety* and *B. Crane,* for appellee.

LOTZ, J.—Appellant's contention is that the trial court erred in overruling its demurrer to the complaint and its motion for a new trial.

The substantial averments of the complaint are that the appellant (defendant below) is a corporation engaged in mining coal; that the plaintiff was in its employ, and was assisting in the work of mining coal; that while so engaged in the work assigned to him by the defendant's "bank boss," it became and was necessary for him to step into, and he did step into, one of the entrances or passage ways of said mine, and that while in said way a large quantity of slate and rock roofing fell upon him with great force, and crushed his body and limbs beneath its weight; that the appellant carelessly and negligently and willfully suffered and permitted the roofing in said entrance and passage way, at, in, and around the place where plaintiff was working and was injured, to be and become unsafe and dangerous; that

the defendant had notice and knowledge of the insecure and dangerous condition of said roof at said place, before the rock and slate fell upon plaintiff, and carelessly, negligently, and willfully failed to secure said roof at said place by properly propping the same with timbers; that plaintiff, while so engaged in said entrance and passage way, was wholly ignorant of the unsafe and dangerous condition of said roof; that he sustained said injury without fault or negligence on his part.

Appellant insists that the averments of negligence consists only of "glittering generalities," that no specific or particular act of neglect is alleged, and that for this reason the complaint is insufficient.

When negligence is the gist of an action, the rules of good pleading require that the pleader shall state with clearness and precision the particular act of omission or commission, on which negligence is predicated. A general allegation that will admit of almost any proof is bad pleading. *Jeffersonville, etc., R. R. Co.* v. *Dunlap*, 29 Ind. 426; *Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297; 1 Chitty's Pleadings, 232.

The pleading in this case, however, is not so general as to fall within these rules. The law imposes an obligation on the master or employer to keep the place where the servants work in a reasonably safe condition. *Rogers* v. *Leyden*, 127 Ind. 50; *Brazil Block Coal Co.* v. *Hoodlet*, 129 Ind. 327; *Jenney Electric Light, etc., Co.* v. *Murphy*, 115 Ind. 566.

In the light of this obligation resting on the operator of the mine, the complaint alleges "that the defendant carelessly, negligently and willfully suffered and permitted the roofing in said entrance and passage way * * * to be and become unsafe and dangerous, and carelessly, negligently, and willfully failed to secure said roof * * * by properly propping the same with timbers." We are of the opinion that this averment is sufficiently specific to apprise

the defendant of the act of negligence relied on. If the defendant wished a more specific allegation of the acts of negligence, he should have moved to make the complaint more specific. *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261 (265). We think the complaint sufficient.

The only causes for a new trial were that the verdict is not sustained by the evidence; that it is contrary to the law, and that the court erred in giving certain instructions to the jury.

The evidence is not in the record. When the evidence is not in the record, a cause will not be reversed for giving an instruction which would be correct under any evidence that could have been admitted under the issues. *Rapp* v. *Kester*, 125 Ind. 79 (82).

If, however, the instructions are in themselves radically wrong under any state of facts that could have been proved under the issues, and might have misled the jury so that the verdict may have rested on an improper basis, the cause will be reversed, though the evidence be not in the record. *Rapp* v. *Kester*, *supra*, and cases cited.

The trial court, at the request of the parties, instructed the jury fully upon the rights, duties and liabilities of the mine operator and the employes. Some of the instructions complained of do not, in our opinion, fully and accurately state the law, when considered alone, but when the instructions are considered as a whole, we think they are as favorable to the appellant as he had any right to ask. We can not say that the jury could have been misled, or rested its verdict on any inaccurate statement or erroneous definition of the word negligence.

The motion for a new trial was correctly overruled.

Judgment affirmed.

Filed March 16, 1893.