Filed March 17, 1893.

---

No. 874.

## CARR v. CARR.

PLEADING.— *Wife Against Husband for Support.—Sufficiency of Complaint.— Words and Phrases.—"Abandoned."—"Deserted."*—In an action by a wife against her husband for support of herself and infant children in her charge, an allegation in the complaint that the defendant had "abandoned this plaintiff," is sufficient, being equivalent to "deserted," as used in the statute.

SAME.—*Sufficiency of Complaint.—Renouncing Marriage Covenant.*—In such an action it is not sufficient to allege in the complaint "that the defendant has renounced the marriage covenant." Such an allegation is too general. The act or acts claimed to have amounted to such renunciation should be alleged.

JUDGMENT.—*Argument and Reasoning not Part of.—Constitutes no Precedent.*— The process of reasoning or the method by which a court reaches a certain conclusion is no part of the judgment, and does not constitute a precedent.

ALIMONY.—*Desertion.—What Amounts to.*—Where a husband drives his wife away, or his conduct toward her is such as to compel her to leave his domicile for safety, he is the deserter, and is liable to her for support, unless there is cause for such conduct, which would amount to a cause for divorce from her.

STATUTE OF LIMITATIONS.—*Duty of Husband to Support Wife a Continuing One.—Effect on Action.*—The obligation of a husband to support his wife

and infant children is a continuing one, as long as such relation exists, and the statute of limitations can not affect the right of action by the wife for such support.

From the Monroe Circuit Court.

*J. F. Morgan*, *R. A. Fulk* and *E. Corr*, for appellant.

*J. R. East* and *R. H. East*, for appellee.

LOTZ, J.—The appellant and appellee are husband and wife. The wife commenced this proceeding against her husband to obtain provision for the support of herself and infant children of herself and husband. There was a trial by the court, and a finding and judgment for appellee in the sum of seventy-five dollars only.

The errors assigned in this court are (1) that the trial court erred in overruling the demurrer to the first paragraph of the amended complaint, and (2) in overruling the motion for a new trial. We will consider these assignments in their order.

The substantial averments of the first paragraph of the amended complaint are, that the plaintiff and defendant were duly married in Monroe county, Indiana, on the —— day ——, 18—; that they had born to them two children, John W. Carr, now fifteen years of age, and Ida M. Carr, now twenty-one years of age, both of whom, since their birth, have lived, and are now living, with the plaintiff; that in the year 1876 the defendant, without cause, abandoned this plaintiff and her two small children, and has also renounced the marriage covenant and refuses to live with them, and has left them without means of support; that the plaintiff is destitute of real or personal property; that the defendant is the owner of a good and valuable farm in Monroe county, and a large amount of personal property—all of which is specifically described, and its probable value stated; "that the plaintiff is poor, and lives on a farm, and her mode of life is actual labor

Carr v. Carr.

for her support, while the defendant is living a prosperous farmer's life, but living in adultery with another woman.

"Wherefore, plaintiff prays judgment for the sum of $2,000, and that the lands and property of the defendant be sold in satisfaction of such judgment and all other proper relief."

Appellant assails this pleading, asserting that its averments are not sufficiently specific to charge either desertion or a renunciation of the marriage covenant.

Section 5132, R. S. 1881, provides that "A married woman may obtain provision for the support of herself and the infant children of herself and husband, in her custody, in any of the following cases: *First.* Where the husband shall have deserted his wife, or his wife and children without cause, not leaving her or them sufficient provision for her or their suppport. * * * *Fourth.* When a married man renounces the marriage covenant, or refuses to live with his wife in the conjugal relation, by joining himself to a sect or denomination, the rules and doctrines of which require a renunciation of the marriage covenant, or forbid a man and woman to dwell and cohabit together in the conjugal relation according to the true intent and meaning of the institution of marriage."

The statute uses the language "shall have deserted his wife," while the pleading uses the words "abandoned this plaintiff." The word "deserted," as used in the statute, and the word "abandoned," as used in the pleading, convey the same idea, that is, the act of willfully leaving the wife with the intention of causing a palpable separation, a cessation from cohabitation. The rule of pleading requires that the allegation must individualize and particularize the matter which constitutes the basis of the action, so far as to inform the opposite party of what will be brought against him on the trial. He is entitled to this, that he may prepare his defense. Facts only are to be stated, and not evidence, arguments, inferences, or matters

of law. 1 Chitty on Pleading, 214. But the allegation should not be so general as to admit of almost any proof. 1 Chitty on Pleading, 232.

These two extremes must be avoided. *Coal-Bluff Mining Co.* v. *Watts*, 6 Ind. App. 347, 33 N. E. Rep. 662.

The allegation here is that the defendant abandoned the plaintiff. Is this too general? We think not. The word desert or abandon conveys the full idea of the act of desertion, and no circumlocution can make it plainer. The other allegation that the defendant has renounced the marriage covenant is too general. To renounce, disclaim, disown, or abjure the marital covenant, unaccompanied by some overt act on the part of the husband, would be only an idle declaration. The renunciation or refusal to live with the wife in the conjugal relation must be accompanied by the act of joining himself to a sect, or denomination, whose rules and doctrines forbid a man and woman to dwell together in the conjugal relation. In the absence of such an averment, we think this assignment of the breach of marital duties insufficient.

There is another seeming objection that might be urged to the complaint, but, as counsel have not made it, we pass it with but little consideration. Section 5133, R. S. 1881, says:

"The complaint shall also state   *   *   *   the sum necessary for the support of the wife and the children if any there be."

The prayer of the complaint is for judgment in the sum of $2,000 and all other proper relief. The purpose of the action is to obtain provision for the support of the wife. The complaint makes demand for a certain sum. As there can be a recovery only for the sum necessary to the support of the wife and children, it may be fairly inferred that the sum demanded is the necessary sum for that purpose. There are two independent acts that give the wife the right to obtain a support out of her husband's property, in cases of desertion. The act in force September

19th, 1881, sections 5132 to 5138 inclusive, R. S. 1881, and the act of March 7th, 1857. See sections 5139 to 5141 inclusive, R. S. 1881.

These acts seem to be wholly independent of each other, and each gives a complete remedy within itself. The complaint is probably good under the last act, although it seems to proceed upon the first. We can not commend the pleading, but, in the absence of any attack upon it for the last named reason, we feel constrained to hold that the demurrer was correctly overruled.

The only causes assigned for a new trial are: (1), that the finding and decision of the court are not sustained by sufficient evidence, and (2) are contrary to law.

The substance of the plaintiff's testimony is to the effect, that she and the defendant were married in 1869, first separated in 1872, became reconciled, and then lived together until 1874, when, by the defendant's immoral conduct with lewd women, he contracted a venereal disease, and inoculated the plaintiff with it, and she, to avoid losing her health entirely, took her two young children and went to live with a relative; that while she was there the defendant moved to some one of the western States; that she was very poor all the time, and was compelled to support herself and children by doing farm work; that she had never been divorced from the defendant, although he was living with another woman as his wife; that the defendant was the owner of the property described in the complaint; that she was sixty-five years old, and was then engaged in working for her neighbors to support herself.

Other witnesses corroborated her in every respect, except as to the statement that the defendant communicated to her a venereal disease.

The defendant testified, that he and the plaintiff were married in 1869; that the plaintiff left him in 1874, and went to live with her son-in-law; that they never lived together afterwards; that he went to Illinois in 1875, and from

there to Missouri, and got married again in 1877; that he consulted a lawyer, and was advised that a separation of two years divorced husband and wife; that he never got a divorce in court, and claimed the woman he was then living with to be his wife, and never had any intention of living with the plaintiff since they parted. The defendant, in his testimony, did not deny the statement of the plaintiff that he had contracted a loathsome disease, and communicated it to her.

In the absence of a denial, the trial court was justified in taking this statement to be true. Appellant's counsel contend, however, that the evidence shows that the plaintiff deserted the defendant, and not that the defendant deserted the plaintiff, and rely upon the case of *Stanbrough* v. *Stanbrough*, 60 Ind. 275, to sustain their position, and to show the error of the court in overruling the motion for a new trial.

In the case cited, the court, by Niblack, J., said :

"Abandonment, in the sense in which it is used in the statute, * * * may be defined to be the act of willfully leaving the wife, with the intention of causing a palpable separation between the parties, and implies an actual desertion of the wife by the husband. To show, therefore, that a wife had to leave the husband for cause, does not make out a case of abandonment by the husband, under this statute."

The language quoted is broad and sweeping in its effect. If it announces a rule that should govern in all cases where the wife leaves the husband for cause, then the finding of the court in this case should have been for the defendant, for the admitted facts bring it within such rule. We think, however, that this language should be considered in the light of the evidence of that case. The court, in reviewing the evidence, said :

"The plaintiff testified to a system of querulousness and fault-finding on the part of the defendant, by reason

of which she felt constrained to leave, and did leave his house," and concluded by saying, "I was afraid of my life; there was nothing in his conduct beyond coldness and indifference, and finding fault with everything I did. He never struck me at any time. * * * When I went away I took the household property with me which I took there." "The defendant in his testimony denied the ill treatment complained of, expressed himself satisfied with the plaintiff's general conduct while she remained with him, and asserted that she voluntarily left his house against his consent." In commenting upon this testimony, the court further said: "We think the evidence did not make out a case of abandonment against the defendant within the statute."

When the rule laid down in that case is construed in reference to the evidence, we think it correct, but it should not be considered as announcing a rule to govern in all cases where the wife for cause leaves the husband. The point in judgment in that case was whether or not the defendant abandoned the plaintiff within the meaning of the statute, and in the light of the facts proved. The court decided that such facts did not constitute abandonment. This was the only thing decided on this point. The argument, the process of reasoning, or the method by which a court reaches a certain conclusion, is no part of the judgment, and does not constitute a precedent. The evidence in the case at bar shows a very different state of facts from the case relied on by appellant. It is true that the plaintiff left the defendant, but she had sufficient cause for leaving him. His conduct was not only vile, but it was infamous. It was bad enough for him to violate his marital vows, but when followed up by inoculating the wife with a loathsome disease, the depths of infamy had been sounded. The law does not require that the wife shall abase herself to the extent of condoning the adulterous conduct of the husband, much less is she required to jeopardize her health

and life in order that she may receive food, raiment and shelter from his iniquitous hand. She is entitled to enjoy his good fortunes, and bound to share his misfortunes, but she is not required to share his ignominy and shame, or to imperil her life and health on account of his wrong doing.

The law imposes an obligation upon the husband to support his wife and infant children. This obligation rests upon him whether he dwells with them or not. The statute under which this action is brought is purely remedial. It defines the method by which the obligation may be enforced under certain circumstances. A husband may so misuse his wife, that, to maintain her self-respect or preserve her health or life, she may be compelled to leave him. If, when sued under such circumstances, he may defeat her by showing that she left him, then the very object of the statute may be frustrated, and the husband be permitted to take advantage of his own wrong. Although the evidence in this case shows that the wife left the defendant, it was under such circumstances that made him, and not her, the deserter. We are sustained in this conclusion by authority in analogous cases. If the husband drives his wife out of his house, and lives in adultery with another woman, such conduct is equivalent to abandonment. *Morris* v. *Morris*, 20 Ala. 168. So if he make against her false charges of infidelity, and on that ground drives her from his house, he is considered in law to have abandoned her. *Kinsey* v. *Kinsey*, 37 Ala 393.

When the wife was confined in childbirth, the husband accused her of adultery, and told her that the child born was not his; that she must leave as soon as confinement was over, and the husband admitted that if she had not gone he would have removed her. It was held that the expulsion of the wife was as much compulsory as if he had used force. *Harding* v. *Harding*, 22 Md. 337. The husband can not relieve himself from his obligation to support his wife and children by his improper conduct toward her,

or by such deportment as renders his home unfit for her residence. If, under such circumstances, she removes and lives apart from him, he will be compelled to support her, notwithstanding the constrained separation. *Shrock* v. *Shrock*, 4 Bush (Ky.) 682. It is not always the one who leaves the matrimonial habitation that is the deserter. The husband may drive his wife away, or he may treat her so brutally as to compel her to flee for safety, or his conduct may be so cruel and malignant as to show that he means to force her away. If, under such circumstances, she leaves him, he, and not she, is the deserter. *Skean* v. *Skean*, 33 N. J. Eq. 148; *Warner* v. *Warner*, 54 Mich. 492; *Lea* v. *Lea*, 99 Mass. 493; *Levering* v. *Levering*, 16 Md. 213.

Nothing less will answer as a justification of the conduct of the husband, in expelling his wife from his home, than that which would be sufficient cause for a divorce at his suit. *Grove's Appeal*, 37 Pa. St. 443.

We think the evidence in this case shows that the defendant deserted the plaintiff without cause, and without leaving her sufficient provision for her support.

Appellant's counsel further contend that the evidence shows that the action is barred by the statute of limitations, and that the finding should have been for the defendant under their answer pleading the bar. It is sufficient to say to this, that the obligation of a husband to support his wife and infant children is a continuing one, and lasts so long as the relation exists. The purpose of this action is not to recover for past support, but for present and future maintenance. If the plaintiff has by some means eked out an existence in the past, she can not compel the defendant to compensate her for the cost. The statute, sections 3134 and 3135, R. S. 1881, in speaking of the judgment for support and maintenance, calls it alimony. The word alimony is here used in its primary sense of nourishment, sustenance, means of living. The effort here

is to obtain nourishment and means of sustenance for the present and future.    The statute of limitations has no application to the case made by the evidence.

Appellant also contends that there can be no personal judgment in such actions as the one at bar.    The record shows that he made a motion to modify the judgment, and that the court sustained the motion.    It must be presumed that the appellant secured such modification as was satisfactory to him; at least he is in no position to complain of a ruling of the court made at his own instigation in his own interest.

We find no reversible error in the record.

Judgment affirmed, with ten per centum damages.

Filed March 28, 1893.