MESSMORE *v.* MADISON GLUE MANUFACTURING COMPANY.

[No. 11,996.   Filed November 19, 1924.]

1.  MASTER AND SERVANT.—*A wife separated from husband because of cruelty is conclusively presumed dependent under Workmen's Compensation Act.*—Where a wife is living apart from her husband because of cruel and inhuman treatment, her husband is under obligation to support her, and she is

conclusively presumed to be wholly dependent, under §38 of the Workmen's Compensation Act (Acts 1919 p. 158, §8020v1 Burns' Supp. 1921). p. 185.

2. EVIDENCE.—*Conclusive presumption is a rule of substantive law.*—A conclusive presumption is not a rule of evidence but a rule of substantive law. p. 185.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Elizabeth Messmore for compensation for the death of Joshua Messmore, her husband, opposed by the Madison Glue Manufacturing Company, employer. From an award in her favor for an unsatisfactory amount, claimant appeals. *Reversed.*

*Sulzer, Bear & Bear,* for appellant.
*White, Wright & McKay,* for appellee.

NICHOLS, P. J.—The Industrial Board found that Joshua Messmore, husband of appellant, was, on December 27, 1923, in the employment of appellee at an average weekly wage of $15; that on said day he received a personal injury by accident arising out of and in the course of his employment which resulted in his death on December 30, 1923. Appellee had knowledge of his death and paid $100 on his burial expenses. It then found that appellant, the widow, was a partial dependent of said deceased, and, on this finding, made her an award of three hundred weeks compensation at $2 per week.

The undisputed evidence shows, and appellee admits, that at the time of the injury and death of appellant's husband, she was living separate and apart from him and that she was, because of his cruel and inhuman treatment, fully justified in so doing. The Industrial Board, in effect, so found, for appellee, living as she was, separate from her husband, could not have been, under the law, a dependent had she not been justi-

fied in so living. At the time, she had a suit for divorce pending against her husband, and the court had made her a temporary allowance, during the pendency of the suit, of $2 per week. This allowance seems to have been the measure of compensation awarded. Appellant, being justified in her separation from her husband because of his cruel and inhuman treatment, he was still obligated to support her under the laws of Indiana. §7869 Burns 1914; *Carr* v. *Carr* (1893), 6 Ind. App. 377; §8020v1 Burns' Supp. 1921, provides as follows: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon her husband with whom she is living at the time of his death, or *upon whom the laws of the State impose the obligation of her support at such time.* * * *" (Our italics.) Appellant's husband, being obligated by the law of the State to support her, the law *conclusively presumes* her to be wholly dependent upon him for support. A conclusive presumption is not a rule of evidence, but a provision of substantive law. *Collwell* v. *Bedford Stone, etc., Co.* (1920), 73 Ind. App. 344, 349. It appearing from the undisputed evidence and admitted facts that appellant's husband was, under the law, obligated to support her, it follows, as a matter of law, and not of evidence, that she was wholly dependent upon him for support, and, under such circumstances, she was entitled to 55 per cent. of his average weekly wage of $15 for three hundred weeks.

The finding and award of the Industrial Board is contrary to law, and is reversed for further proceedings in harmony with this opinion.