Filed April 25, 1885.

------◆------

No. 12,056.

HARRIS v. HARRIS.

HUSBAND AND WIFE.—*Desertion of Wife.—Complaint for Support.—Defect Cured by Verdict.*—A complaint by a wife against her husband to obtain provision for her support, under sections 5132 and 5133, R. S. 1881, which fails to allege that the desertion was without cause, is cured by verdict.

From the Gibson Circuit Court.

*C. A. Buskirk*, for appellant.

*J. E. McCullough, S. M. Holcomb* and *J. H. Miller*, for appellee.

BEST, C.—The appellee brought this action against the appellant, her husband, to obtain provision for the support of herself and her unborn child, under the provisions of sections 5132 and 5133, R. S. 1881.

The first named section provides that such support may be obtained "where the husband shall have deserted his wife, or his wife and children, without cause, not leaving her or them sufficient provision for her or their support," and the complaint alleged that appellant had deserted the appellee, his wife, without leaving any provision for her support.

An issue was formed, a trial had, and judgment was rendered for $400. A motion in arrest of judgment was overruled, and this ruling is assigned as error.

This motion attacks the complaint. It is insisted that as the complaint fails to aver that the alleged desertion was without cause, it was insufficient, and the motion should therefore have been sustained. We think otherwise. This attack upon the complaint comes after verdict, and, therefore, comes too late. The defect was thereby cured. After verdict, the most liberal intendment will prevail, and the defective averment will thus be cured. Where it is necessary to prove a fact upon the trial, and the complaint omits to aver it, the defect is cured by the verdict if the general terms of the declaration are sufficient to comprehend it. *Peck* v. *Martin,* 17 Ind. 115.

It was necessary to offer some evidence that the act of desertion was without cause, but as this merely fixed the quality of the act, and was entirely consistent with the complaint, proof may well have been admitted under the general averment of desertion. *Shimer* v. *Bronnenburg,* 18 Ind. 363; *Westfall* v. *Stark,* 24 Ind. 377.

The averment that the appellant had deserted the appellee, without making any provision for her support, was an averment of her right to obtain such support upon the ground of desertion under the statute, and though such averment was defective its defect was cured by the verdict. *Alford* v. *Baker,* 53 Ind. 279; *Parker* v. *Clayton,* 72 Ind. 307; *Watson* v. *Crowsore,* 93 Ind. 220.

The motion in arrest was properly overruled, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

