## SMITH v. SMITH.

[No. 5,400. Filed June 7, 1905.]

1. PLEADING.—*Complaint.*—*Sufficiency.*—*Initial Attack on Appeal.*— A complaint is sufficient, when attacked for the first time on appeal, where it states facts sufficient to bar another action, and includes every fact absolutely necessary to state a cause of action.   p. 611.

2. JUDGMENT.—*Res Judicata.*—A subsisting judgment, rendered by a court having jurisdiction of the parties and subject-matter, upon the merits, as between the parties thereto, is *res judicata* as to all questions actually in issue, and sometimes as to all questions capable of litigation in such action.   p. 613.

3. SAME.—*Res Judicata.*—*Divorce.*—*Support.*—A judgment denying a wife a divorce and alimony is not *res judicata* as to a subsequent action by such wife for support for herself and children under §§6977, 6978 Burns 1901, §§5132, 5133 R. S. 1881.   p. 614.

4. HUSBAND AND WIFE. — *Support.* — *Complaint.* — *Denial.* — *Facts Provable.*—Under the general denial to a complaint for support, the husband may disprove the charge of intoxication, desertion and mistreatment, and may show that the wife was at fault in the separation.   p. 615.

5. APPEAL AND ERROR. — *Weighing Evidence.* —The Appellate Court will not disturb the finding below, rendered upon conflicting oral evidence, where there was competent evidence in support of every material allegation of the complaint.   p. 616.

6. HUSBAND AND WIFE.—*Support.*—*Decree of Money Payable Weekly.* —In an action by the wife against the husband for support for herself and children it is within the power of the court to decree weekly payments, instead of a sum in gross.   p. 617.

7. SAME.—*Domicile of Wife.*—*Presumption.*—In the absence of a contrary showing, the domicile of the wife is that of the husband, and the presumption is that they are living together.   p. 618.

8. SAME.— *Trial.*— *Desertion.*— *Evidence.*— Under a charge of desertion, in an action for support, the wife may prove the cause thereof as bearing on the amount of allowance.   p. 619.

9. SAME.—*Support.*—*Decree.*—Under §6980 Burns 1901, §5135 R. S. 1881, the court, in an action by the wife for support, may authorize

such wife to lease or mortgage such husband's property and apply the rents or proceeds to the payment of the decree. p. 619.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by Minnie B. Smith against Aaron H. Smith. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Shirts & Fertig, T. J. Terhune* and *A. C. Pearson,* for appellant.

*Kane & Kane,* for appellee.

Myers, P. J.—This is an action by the wife (appellee) against her husband (appellant) for separate support of herself and their two children, aged seven and five years respectively. This cause is based upon §6977 *et seq.* Burns 1901, §5132 *et seq.* R. S. 1881. The complaint declares upon the third clause of §6977, *supra,* and substantially complies with §6978, *supra,*

1. In the form in which the record comes to this court, the sufficiency of the complaint is here for the first time the subject of attack for want of facts. The objections stated are: (1) That it does not aver the desertion without cause; (2) "the neglect to provide, by reason of drunkenness, is not shown to have continued for any length of time, being laid simply in the present tense, and followed by the averment that appellant had not furnished appellee with any aid since January 26, 1904." With all reasonable presumptions and intendments in favor of the pleading, no one will say that it does not contain facts enough to bar another action, or affirm that it totally fails to state a material fact absolutely necessary to the right of recovery. And yet such must be the weakness of the complaint, or the defects therein, if any, will be cured by the verdict and judgment. *Peoria, etc., R. Co.* v. *Attica, etc., R. Co.* (1900), 154 Ind. 218; *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 54 L. R. A. 396, 83 Am. St. 200; *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568; *Walter* v. *Walter* (1889), 117 Ind. 247; *Brandis* v. *Grissom* (1901), 26 Ind. App. 661. The

complaint is sufficient to withstand the objections urged against it. *Harris* v. *Harris* (1885), 101 Ind. 498; *Burkett* v. *Holman* (1885), 104 Ind. 6.

To the complaint an answer was filed in three paragraphs. The first, a general denial. As to the facts averred in the second and third paragraphs, we take appellant's statement as follows: "The second paragraph admits the marriage, the birth of children, and the ownership of property alleged in the complaint, but further alleges that on June 24, 1903, appellee sued appellant in the same court for divorce and alimony, alleging in her complaint the marriage, cohabitation and the birth of the children; also appellant's ownership of property, as in the present complaint; also that appellant had deserted appellee and her children, and had not made provision for their support; that appellant was an habitual drunkard, and had treated appellee in a cruel and inhuman manner, and had continuously cursed, abused and otherwise mistreated her, so that she had been compelled to leave him and live separate and apart from him; that she was in destitute circumstances, and without means to employ counsel; that the prayer was for divorce, the custody of said children, and for $5,000 alimony; and that all the allegations against appellant in the present complaint are the same allegations and charges as contained in the former complaint; that appellant joined issue by general denial; that the cause was tried before the court in January, 1904, and after hearing all the evidence the court found for appellant, and gave judgment in his favor against the appellee that all and singular the said allegations and charges were untrue, and that she take nothing by her complaint, and that the petition for divorce be wholly denied; that said judgment remained in full force and effect; that appellee was thereby debarred and precluded from maintaining this action; and that all matters charged in the complaint and every issue thereby tendered had been by said previous judgment fully adjudicated and set at rest.

"The third paragraph of answer is like the second, except that it sets up the former suit and judgment as a bar to the maintenance of the present action on account of any act or omission alleged against the appellant as having occurred prior to the 24th day of June, 1903. The allegations as to the issues and trial of the former suit are the same as in the second paragraph, with the additional averment that appellee applied for and obtained before the trial an allowance for her support, pending the action, which appellant paid, and that on rendering final judgment denying the divorce the court ordered appellant to pay the costs and appellee's counsel fees, all of which he paid, amounting to $800. It is further alleged in the third paragraph that appellant has not been intoxicated since the bringing of the said action for divorce, and that he has not deserted, nor in any manner mistreated, the appellee since said date, but alleges the fact to be that appellee has lived apart from appellant, since bringing said action for divorce, of her own free will and accord, and without cause, and that she has never offered to return to the home of appellant nor asked him for any support or money since the former trial and judgment."

2. Separate demurrers to the second and third paragraphs of answer being sustained, this ruling of the court is here assigned as error. The question therefore is, did each of the paragraphs of appellant's answer, separately considered, state facts sufficient to constitute a good answer of *res judicata?*

The court in the case of *Kitts* v. *Willson* (1894), 140 Ind. 604, said: "Before the rule of former adjudication can be invoked it must appear that the thing demanded was the same; that the demand was founded upon the same cause of action; that it was between the same parties, and found for one of them against the other in the same quality. The party must not only be the same person, but he must also be suing in the same right. *Jones* v. *Vert* [1889], 121 Ind.

140; *Whitney* v. *Marshall* [1894], 138 Ind. 472, and authorities cited in those cases."

The doctrine of former adjudication rests upon the firmly settled principle of law, that an action prosecuted to judgment in a court having jurisdiction of the parties and of the subject-matter, upon the merits, as between the parties thereto, without appeal, is a finality as to all issues actually made and facts proved and passed upon, and in certain cases may extend to such issues or facts as might properly have been made and decided in that action. *Parker* v. *Obenchain* (1895), 140 Ind. 211; *McFadden* v. *Ross* (1886), 108 Ind. 512; *Crum* v. *Rea* (1896), 14 Ind. App. 379; Black, Judgments, §504.

3. We can not agree with appellant that the proceedings had in the divorce action instituted by appellant on June 24, 1903, as averred in the second and third paragraphs of answer, were sufficient to bar a recovery in the action now before the court. The gist of that action, as it appears from appellant's answers herein, was whether at that time there existed grounds for a divorce; the question of alimony is incidental to the divorce, and is granted only in case of a decree for a divorce. *Moon* v. *Baum* (1877), 58 Ind. 194.

The averments of the answers show that the same facts and grounds for this action were in issue in the action for a divorce; that the issues then pending before the court were decided adversely to appellee, and admit that the parties to this action are still husband and wife. A complete answer to appellant's contention is found in the statement of this court in the case of *Carr* v. *Carr* (1893), 6 Ind. App. 377: "The obligation of a husband to support his wife and infant children is a continuing one, and lasts so long as the relation exists. The purpose of this action is not to recover for past support, but for present and future maintenance. * * * The statute, §§5134, 5135 R. S. 1881, in speaking of the judgment for support and maintenance, calls it alimony. The word alimony is here used in its primary

sense of nourishment, sustenance, means of living. The effort here is to obtain nourishment and means of sustenance for the present and future."

In a divorce proceeding the effect of a decree for alimony is an adjustment of all property rights between the parties. *Walker* v. *Walker* (1898), 150 Ind. 317; *Hilbish* v. *Hattle* (1896), 145 Ind. 59, 33 L. R. A. 783; *Murray* v. *Murray* (1899), 153 Ind. 14.

In the first proceedings the relief demanded was a divorce, which carried with it, as incidental thereto, the adjustment of their property rights, only in case the divorce was granted. The only grounds for divorce charged were cruel treatment and habitual drunkenness. If the averment of desertion amounted to anything at all, it was in connection with the charge of cruel treatment. No more can be said of it. Actions for divorce as well as actions for support are statutory, yet each is based on entirely different statutes. A strictly statutory provision authorizing the one is insufficient upon which to base the other, and, as applied to the case at bar, each paragraph of answer is insufficient, in that it does not show that the relief demanded is the same, that the demand is founded upon the same cause of action, and that the actions are in the same right. *Kitts* v. *Willson, supra.*

4. That there was no intoxication of appellant; that there was no desertion or mistreatment of appellee by appellant; that appellee has lived separate and apart from appellant of her own will and without cause, and that appellee never offered to return to the home of appellant nor asked him for any support or money since the trial and judgment in the divorce proceeding, as averred in the third paragraph of answer, are all facts provable under the general denial. We therefore conclude that the court committed no error in sustaining the demurrer to appellant's second and third paragraphs of answer.

The issues being formed by an answer of general denial to the complaint, the same were submitted to the court for

trial, resulting in a general finding and judgment for appellee, to which finding appellant reserved an exception. Thereupon judgment was rendered requiring appellant to pay certain sums weekly to appellee, beginning with the date of the filing of her complaint, and continuing until the further order of the court, and in default of payment appellee was empowered to take possession of certain real estate and lease the same, or a part thereof, for the highest and best rent obtainable therefor, and apply said rent in satisfaction of this order.

Appellant's motions for a new trial and to modify the judgment were overruled, and these rulings are assigned as error.

5. Fourteen reasons are assigned for a new trial. First, the decision of the court is not sustained by sufficient evidence. Under this assignment we are asked to weigh the evidence and determine the fair preponderance thereof under the issues. Acts 1903, p. 338, §8. The facts in the case at bar were sought to be established entirely by oral evidence. And on examination of the record we find some conflict in the evidence on some of the material questions at issue. As compared to a court of original jurisdiction, an appellate tribunal is at a great disadvantage in determining the weight which should be given to the testimony of the various witnesses. It does not have the benefit of observing the actions, appearance and manner, as well as many other circumstances that attach to and surround a witness while testifying, which may go a long way toward impressing the trial court with the truthfulness or falsity of the witness's statements. This court knows that in the actual trial of causes many incidents happen which may be legitimately considered by the trial court in determining the weight which should be given to the evidence of a witness, which can not be made to appear from the record. For these reasons, and controlled by the principles announced in *Parkison* v. *Thompson* (1905), 164 Ind. 609, and *Hudelson* v.

*Hudelson* (1905), 164 Ind. 694, this court will not disturb the decision and judgment of the lower court upon the weight or preponderance of evidence alone, unless there is a ' clear lack of evidence to support a material fact necessary to support the finding and judgment of the lower court, or the evidence before the trial court was, as said by the court in the case of *Hudelson* v. *Hudelson, supra,* all "documentary, by depositions, or otherwise of such a clear and conclusive character as to enable and to warrant this court to say, as a matter of law, that such decision is erroneous."

We have read the evidence in the case at bar, and there is evidence tending to prove brutal and cruel treatment on the part of appellant to appellee, and from which the court was authorized to find that it was necessary for the appellee, to protect herself from physical injury, to seek a place of abode other than that provided by appellant. There is also evidence showing that appellant was not furnishing any support to the appellee, or to their children domiciled with appellee, at the time this action was begun, and that they were receiving aid from neighbors and friends. There is also evidence tending to prove that appellant was a constant user of intoxicating liquors, and to the extent, and by reason thereof, as the court must have found from the evidence, as to cause him to neglect to provide for his family. Therefore, as there is evidence in the record tending to support the conclusion reached by the trial court, we will not disturb the judgment on the question of preponderance of the evidence.

6. Second, that the decision of the court is contrary to law. The complaint avers that appellant is the husband of appellee, and is an habitual drunkard, and by reason thereof neglects to provide for his family. The complaint avers one of the statutory grounds authorizing the wife to obtain out of the property of her husband provision for the support of herself and infant children of herself and husband in her custody. If the charge made in the complaint be true (and in the case now under consideration the court so found) and

the evidence be sufficient to sustain such finding (and we have so declared) the decision of the court can not be said to be contrary to law. But it is contended that the decision of the lower court is contrary to law, for the reason that the finding of the court should have been for a sum in gross, and not a weekly allowance. Section 6979 Burns 1901, §5134 R. S. 1881, authorizes the court to make "such orders and allowances, in the nature of alimony, out of the husband's estate, as may seem just and equitable and for the best interests of such wife and children." The construction given the word "alimony," as used in this section of our statute by this court, in the case of *Carr* v. *Carr, supra,* seems to us to be a correct interpretation of its meaning. The object of the proceeding such as the one here invoked by the wife is clearly to compel him on whom the law has cast the burden of supporting the family to furnish nourishment, sustenance and a means of living, and not to determine property rights between husband and wife, as contemplated by our statutes for divorce. The allowances here authorized are such "as may seem just and equitable, and for the best interests of such wife and children," under all of the facts and circumstances surrounding the case. If, in the discretion of the court, weekly allowances, instead of a sum in gross, "will be for the best interests of such wife and children," it is certainly within the power of the court so to order.

The third and fourth reasons assigned for a new trial are not discussed by appellant in his brief, and therefore may be considered as waived.

All the other reasons assigned in the motion for a new trial question the ruling of the court on the admission of evidence of particular acts of misconduct or mistreatment on the part of appellant toward appellee.

7. In the absence of a showing to the contrary, the domicile of the wife is that of the husband, "and the law presumes that they are living and cohabiting together." *Jonas* v. *Hirshburg* (1897.), 18 Ind. App. 581; *Curtis* v. *Curtis*

(1892), 131 Ind. 489; *Jenness* v. *Jenness* (1865), 24 Ind.
355, 87 Am. Dec. 335.

8. In the case at bar the complaint avers that appellant
has deserted appellee and her said children, and has not
made provision for their support. This averment would not
be sufficient to withstand a demurrer to the complaint if the
complaint were grounded wholly upon §6977 Burns 1901,
clause 1, §5132 R. S. 1881. Nor was the averment suffi-
cient to authorize the admission of evidence over objection,
for the purpose of proving that the desertion was without
cause, but under the general allegation of desertion, which
imports a separation, a separate habitation of the parties,
the evidence was admissible, at least for the purpose of
showing the grounds for such separate habitation as a fact
in connection with all the other facts bearing upon the ques-
tion of the amount of the allowance.

In speaking of the testimony relative to the husband's
conduct toward the wife immediately before and during the
year previous to the separation, the court in *Walter* v. *Wal-
ter* (1889), 117 Ind. 247, said: "If the objections were
sufficient there was no error in overruling the objections, as
the questions were proper to show what the conduct of the
husband had been toward the wife, that the court might de-
termine whether there had been such conduct on his part as
to constitute a desertion by the husband of the wife." See,
also, *Harris* v. *Harris* (1885), 101 Ind. 498.

9. Error is also assigned on the overruling of appellant's
motion to modify the judgment. In support of this motion
counsel for appellant say: "There is nothing in the case
justifying the order of the court turning over appellant's
entire possessions—farm and town property—to appellee to
lease and manage at will." The court did not err in this
ruling. Section 6980 Burns 1901, §5135 R. S. 1881,
expressly authorizes the judgment as rendered. This
section provides: "The court may, also, when such judg-
ment for alimony is rendered, authorize the wife, without

the intervention of a receiver, * * * to lease or mortgage his real estate or a part thereof, and apply the proceeds and rents to such judgment; and the court shall have power * * * to make further orders in the cause or to modify former orders."

After a careful examination of the record in this case, in our judgment the trial court, on the merits of the cause, reached a just conclusion. Judgment affirmed.