EVANSVILLE WHITE SWAN LAUNDRY, INC. *v.* GOODMAN

[No. 28,628.   Filed March 28, 1950.   Rehearing
denied April 28, 1950.]

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, for appellant.

*E. Menzies Lindsey,* of Evansville, for appellee.

JASPER, C. J.—Appellee, an attorney-at-law, brought this action to recover the value of legal services performed for appellant.

The amended complaint alleged that on April 28, 1944, appellant was engaged in a controversy with the War Labor Board regarding the rate of wages paid by appellant for various classifications of labor performed in appellant's laundry, dry cleaning, and office operations; that on said date the parties entered into an oral contract whereby appellant employed appellee

to represent it in relation to the differences, conditions, and situations then existing as aforesaid; that appellant agreed to pay appellee the reasonable value of his services, taking into consideration the amount of time spent and the results obtained; that appellee by and through his services, which are itemized in the complaint, succeeded in having the War Labor Board establish wage rates in and for the various classifications of labor performed, and succeeded in settling the differences, conditions, and situations existing between appellant and the War Labor Board; that the fair and reasonable value of such services was $7,500, of which appellant had paid $2,500 on account.

Appellant filed its answer in two paragraphs. The first paragraph consisted of admissions and denials under the rules of this court. The second paragraph alleged that on April 29, 1944, appellant accepted appellee's offer to represent it before the National War Labor Board, Region VI, in connection with appellant's Form 10 Application for Approval of a Voluntary Wage or Salary Rate Adjustment, which had been filed previously with the Board on October 13, 1943; that appellee agreed to perform all necessary services to obtain approval of said Form 10 Application for the sum of $2,500; that appellant paid said sum to appellee, the same being in full for all services to be rendered by appellee.

The case was set for trial on April 30, 1948, on which date appellant filed a motion for judgment on the pleadings, the substance of which is that no reply had been filed by appellee to appellant's second paragraph of answer by June 19, 1947; that said paragraph alleged new matter; that the material allegations of such new matter were not controverted by appellee, and which, under § 2-1055, Burns' 1946 Replacement, are to be taken as true, and bar appellee's

right to recover in this action as a matter of law; that at the time of filing the second paragraph of answer, the trial court had published Rule No. 5, which, in substance, operated as an automatic rule to reply not later than one week after date of filing of the answer.

On April 30, 1948, the following order book entry, showing, among other things, the filing of a reply, was entered:

> "Comes now the defendant herein by counsel and files its motion for judgment on the pleadings herein, and now the court being duly advised in the premises, overrules said motion; to which ruling and action of the court the defendant at the time excepts.
>
> "Comes now the plaintiff herein by counsel and files his reply to the 2nd paragraph of answer.
>
> "And now the court having heard part of the evidence in this cause, and now continues same until June 30, 1948 at 9:30 A.M."

The trial was later completed, and finding and judgment were entered for appellee in the sum of $2,500. Appellant properly renewed its motion for judgment on the pleadings before judgment and after judgment, which motions were overruled.

Appellant's motion for a new trial was overruled, and appellant assigns as error the overruling of the motions for judgment on the pleadings.

On the 16th day of February, 1949, the trial judge signed a bill of exceptions, part of which is as follows:

> "That the plaintiff failed to file any pleading to defendant's second paragraph of answer pursuant to or in compliance with the said rules of the Superior Court of Vandenburgh County."
>
> "That the plaintiff did not on the said 30th day of April, 1948, nor at any time prior thereto or thereafter, file in this cause a reply to defendant's

second paragraph of answer and this cause was tried upon the pleadings consisting of plaintiff's said amended complaint and defendant's said answer in two paragraphs thereto."

The making up of issues and allowing the filing of pleadings after a rule to answer or reply has expired is within the sound discretion of the trial court, and this court will not disturb such discretionary power unless there is an abuse. *State* v. *Redmon* (1933), 205 Ind. 335, 186 N. E. 328; *Lilly et al.* v. *Dunn, Administrator, et al.* (1884), 96 Ind. 220, 228; 2 Lowe's Rev., *Works' Indiana Practice,* § 28.12, p. 156; 2 Gavit, *Indiana Pleading & Practice,* § 274, p. 1880. The fact that the court in this case allowed a reply to be filed was not such an abuse of its discretion as would constitute error.

The question to be decided is whether or not the order book entry showing the filing of a reply by appellee can be disputed by the bill of exceptions in this court.

It has long been established by this court that a bill of exceptions speaks absolute verity for those matters which are properly in a bill of exceptions. *Indianapolis Dairymen's Co-op.* v. *Bottema* (1948), 226 Ind. 260, 79 N. E. 2d 409, 410, 411; *Vivian Collieries Co.* v. *Cahall* (1916), 184 Ind. 473, 483, 110 N. E. 672; *Hinshaw* v. *State* (1919), 188 Ind. 447, 459, 124 N. E. 458. And it has been further established by this court that the intrinsic record, which includes, among other things, the order book entries and the filing of pleadings, speaks absolute verity for those matters which are properly within the intrinsic record, as established by § 2-3104, Burns' 1946 Replacement. *Bozeman et al.* v. *Cale et al.* (1894), 139 Ind. 187, 191, 35 N. E. 828; *Gray* v. *Singer,*

*Administrator* (1894), 137 Ind. 257, 258, 259, 36 N. E. 209, 1109; *Justice* v. *Justice* (1888), 115 Ind. 201, 202, 16 N. E. 615. Therefore the entry showing the filing of the reply is within the intrinsic record, and speaks absolute verity, and its verity cannot be attacked and contradicted by the bill of exceptions. In *Malott* v. *Central Trust Co.* (1907), 168 Ind. 428, 431, 79 N. E. 369, 371, the court said:

> "Whatever is a part of the record proper without a bill of exceptions cannot be made a part of the record by a bill of exceptions, and if there is any conflict between the two as to such matters the record proper will control."

See, also, *Broadstreet* v. *Hall* (1907), 168 Ind. 192, 80 N. E. 145.

In *Nelson* v. *Reidelbach, Exr.* (1918), 68 Ind. App. 19, 28, 29, 119 N. E. 804, 807, the court said:

> "But appellants contend that the entry showing the sustaining of a demurrer to the separate answer in abatement of appellant Ferguson is a nullity, as there was no demurrer pending at the time the ruling was made; and that by reason of this fact said answer stands unchallenged, and he was entitled to a trial on the issue thus made before being required to answer in bar. We cannot sustain this contention. The record discloses that this answer in abatement was filed on January 12, 1916, and that a demurrer thereto was filed on February 1, 1916. The demurrer is not shown in the transcript, but it appears to have been sustained on March 20, 1916. Appellants also claim that the entry showing the sustaining of a demurrer to the cross-complaint of appellant Ferguson is a nullity, as no such demurrer was ever filed and therefore this cross-complaint stands unchallenged and the court erred in ignoring the same on the trial of the cause. This contention is not tenable. The record shows that this cross-complaint was filed on April 13, 1916, and that a demurrer thereto was filed on April 14, 1916, and was

sustained on May 1, 1916. True, the demurrer itself is not shown, but the recital of the transcript as to its filing must be accepted."

The order book entry showing the filing of a reply should have been corrected in the lower court, as changes in entries therein necessary must be there procured. See Elliott, *Appellate Procedure*, § 194, p. 167.

In this case the appellant did not in any manner, orally or by pleading, call to the court's attention the fact that its record did not speak the truth, and that a reply had not been actually filed, although shown filed on April 30, 1948; and appellant, in its motions for a judgment on the pleadings, asked for judgment solely on appellee's failure to file his reply by June 19, 1947. The record could have been corrected in the lower court. See *State ex rel. Eggers* v. *Branaman* (1932), 204 Ind. 238, 183 N. E. 653.

Since the entry of the lower court showed a reply filed, the issues were there closed. There was no error in overruling the motions for judgment on the pleadings.

Judgment affirmed.

NOTE.—Reported in 91 N. E. 2d 180.