TROUT ET AL. *v.* BROWN ET AL.

[No. 18,640. Filed January 24, 1954. Rehearing denied March 1, 1955. Transfer denied April 5, 1955.]

*Addison M. Dowling*, of Indianapolis, for appellants.

*John H. Baldwin*, of Indianapolis, for appellees.

KENDALL, J.—Appellees brought this action for possession of real estate against the appellants. The issues were formed by appellees' amended complaint to which appellants filed amended answers together with their third amended counterclaim in which they allege tender

of amount of rent due; refusal thereof in accordance with O. P. A. regulations; that the tenancy was unlawfully terminated; that as a result thereof, appellants were forced to find other living quarters; that they incurred expense in moving their household goods, had to employ counsel to defend appellants' law-suit; that they suffered shame and humiliation and sought damages in the sum of Three Thousand ($3,000.00) Dollars. A demurrer was filed to the third amended counterclaim alleging that the court had no jurisdiction and that if appellants had any right of action they could not bring the same until the court had adjudicated the rights of the parties to the original suit.

The demurrer was sustained and appellants refused to plead over. Appellees dismissed the action and paid the costs. Judgment accordingly was entered against the appellants on the third amended counterclaim from which this appeal is taken.

Appellants' assignment of errors are, first, that the court erred in sustaining the demurrer of appellees to the third amended counterclaim of answer of the appellants, Gordon Trout and Ruth Trout; second, that the court erred in finding for the appellees and against the appellants, Gordon Trout and Ruth Trout, on appellants' third amended counterclaim; third, that the court erred in returning judgment that the appellants, Gordon Trout and Ruth Trout, recover nothing by way of the third amended counterclaim.

Assignment of errors two and three fail to present any question. It is not shown that they are based upon any ruling of the trial court. The appellants have elected only to bring to this court a partial transcript of the record below.

Appellants contend that the Marion County Municipal Court Room 2 had jurisdiction of the subject matter

of the third amended counterclaim by reason of §4-2502, Burns' 1946 Repl., Vol. II; that the matters therein-contained arise out of and are connected with the main action which was for possession of real estate. The section of our statute that deals with the filing of counterclaims is §2-1018, Burns' 1946 Repl.

Appellees' amended complaint was solely for possession of real estate and damages for unlawful detention thereof upon which no judgment had been rendered either for or against appellants at the time of filing the third amended counterclaim. The theory of the counterclaim as viewed by this court was that appellants had been constructively evicted. It is well settled that a counterclaimant's cause of action to be germane to the subject matter must exist at the time of the filing of the original action. It is not sufficient for the claimants to merely have a counterclaim at the time of filing thereof. *Lowe's Revision of Works' Indiana Practice*, Vol. 2, p. 11, §17.10; *Newkirk and Another* v. *Neild* (1862), 19 Ind. 194; *Durbin* v. *Northwestern Scraper Co.* (1905), 36 Ind. App. 123, 73 N. E. 297; *Flanagan, Wiltrout & Hamilton, Indiana Pleading & Practice*, Ch. 38, p. 230, §177.

Courts have often stated that no fixed rules can be established by which it can be determined whether the particular matter pleaded is so nearly connected with the cause of action as to fall within the meaning of the statutes. The question whether the matter set up as a counterclaim is or is not a matter "arising out of or connected with" the plaintiff's cause of action must necessarily continue to be uncertain in many cases. This court is well aware of the rule that it is the purpose of the code to do full and complete justice between the parties in one action if possible without harm. It is the object of the statute to enable

parties by a single litigation to settle whatever claim either may have directly dependent upon such a question involved and having such a factual relation when the law applicable thereto is applied that it can be truthfully said that they are connected with or grew out of the same transaction. Flanagan, Wiltrout & Hamilton, Indiana Pleading & Practice, *supra*.

Appellants' counterclaim that they have been damaged was brought after appellees filed suit for possession for non-payment of rent. The first wrong alleged to have been committed was that on the part of the appellants in failure to pay rent when due. In the case of *Muir* v. *Robinson* (1933), 205 Ind. 293, 186 N. E. 289, the factual situation of which is different to that now under consideration for in that case it involved a contract for the exchange of real estate. Notwithstanding, the court announced a principle of law which is controlling in this instance. The court said:

"A cause of action in favor of a defendant cannot arise out of the wrong which the defendant has done the plaintiff."

In the case of *Wainwright* v. *P. H. & F. M. Roots Co.* (1912), 176 Ind. 682, 97 N. E. 8, which involved a contract by which appellant agreed to render personal services to his company in managing and supervising. He had been performing similar duties prior to the execution of the contract thereof but under different circumstances. The appellee filed a cross-complaint demanding recovery of damages alleged to have been sustained as a result of an alleged breach of the former terminated contract. Appellant first moved to strike out the cross-complaint and then demurred to it for one of facts, both of which were overruled by the trial court. On appeal appellants contended such matters in the counterclaim were not germane to the matter con-

stituting the cause of action alleged in the complaint. The cause was reversed by the Supreme Court which held that such matters alleged were not germane to the issues and that the pleading was not good as a counterclaim.

It is settled by our decisions that new facts which may be introduced into a pending action by means of a counterclaim which may embrace recoupment or matters cognizable in a cross bill of equity are such only as are necessary for the court to have before it in deciding the question raised in the original action so as to enable it to do full and complete justice to all parties before it in respect to the cause of action upon which the complaint rests. It first must be determined whether the appellees in this case were correct or incorrect in their contention as to the failure of appellants to pay rent when due, thus determining whether or not there had been a breach in the rental agreement, and, until that issue is determined and judgment entered accordingly, the appellants had no cause of action against the appellees for damages. If a defendant attempts to go beyond the original complaint and introduce by way of a counterclaim new and distinct matters which do not grow out of that involved in the complaint and which is not essential to the proper determination of it, although it may show a perfect case against the plaintiff, his pleading will not be construed to be a counterclaim but an original and independent action. *Wainwright* v. *P. H. & F. M. Roots Co., supra.* We believe that more is required than having the same parties or having the transaction occur almost simultaneously. There must be a legal relation between the matters pleaded as a counterclaim and those alleged in the original complaint. *Standley* v. *Northwestern Mutual Life Insurance Company* (1883), 95

Ind. 254; *Brower et al.* v. *Nellis et al.* (1892), 6 Ind. App. 323, 33 N. E. 672.

Appellants rely upon the case of *Jennings* v. *Bond* (1895), 14 Ind. App. 282, 42 N. E. 957, the facts of which do not correspond to those we are now considering. That case was decided long prior to the passage of §3-1306, Burns' 1946, Repl., which authorized a tenant to post a bond within five (5) days after being served with court notice. In view of the fact that the protective statute was available to appellants, the appellants' theory of constructive eviction by the mere bringing of the suit for possession is without force or merit.

We believe it elementary and sound reasoning that under the facts presented in this case the appellants did not have a valid counterclaim for damages at the time of the filing of the original complaint by appellees, and such action, if any, on the part of the appellants would not mature unless and until a judgment of wrongful eviction had been decreed by a trial court. It is only then that the appellants could contend that they had been damaged as a result of the actions of appellees. Therefore, no error was committed by the trial court in sustaining the demurrer to appellants' third amended counterclaim.

We have examined the proper assignment of errors, and, finding no error, judgment affirmed.

NOTE.—Reported in 123 N. E. 2d 647.