## AUTOMOBILE UNDERWRITERS, INC. v. SMITH.

[No. 19,030. Filed February 2, 1961.]

*Steers, Klee, Jay & Sullivan,* of Indianapolis, for appellant.

*Lawrence H. Hinds,* of Indianapolis, for appellee.

## ON PETITION TO TRANSFER

ACHOR, J.—This case is on transfer from the Appellate Court under §4-215, Burns' 1946 Repl. See: *Automobile Underwriters, Incorporated* v. *Smith* (1960), 166 N. E. 2d 341. Rehearing *dismissed* June 9, 1960, 167 N. E. 2d 882, 883.

Appellee has filed a motion to dismiss the appellant's petition for transfer on the ground that the petition for rehearing, filed by appellant in the Appellate Court, was dismissed (not denied) for failure to comply with Rule 2-22. This court has heretofore held that it will not consider alleged errors in the opinion of the Appellate Court unless the asserted errors have first been presented to that court for reconsideration in a petition for rehearing. *State ex rel. Eason* v. *Appellate Court* (1954), 233 Ind. 46, 116 N. E. 2d 299; *Lesh* v. *Johnston Furniture Co.* (1938), 214 Ind. 176, 13 N. E. 2d 708.

An examination of the petition for rehearing, as filed in the Appellate Court, sets forth 17 separately assigned errors as grounds with regard to which the decision of the Appellate Court was considered to be erroneous. However, the petition failed to state concisely *the reasons why* the decision as to each of these assigned errors was thought to be erroneous. Therefore, the petition did not comply with the requirements of Rule 2-22. The action of the Appellate Court is therefore affirmed.

However, because of the following statement contained in the opinion of the Appellate Court, a statement in clarification of the application of Rule 2-22 seems necessary. The opinion of the Appellate Court contains the following statement:

". . . It becomes necessary for all petitions for rehearing to be supported by argument. The pur-

ported petition for rehearing filed in this case must also fail for noncompliance with this statement of law, although Rule 2-22 does not specifically so state." *Automobile Underwriters, Inc.* v. *Smith, supra,* 167 N. E. 2d 882, at p. 883.

In support of the above statement, the Appellate Court properly relied upon a statement of this court made in the case of *Dorweiler et al.* v. *Sinks et al.* (1958), 238 Ind. 368, 371, 151 N. E. 2d 142, 144, as follows, the pertinent portion of which is here italicized:

". . . we held that the petition would be considered, although filed under the same cover, if drafted in a rhetorical form, separate from the briefs. However, we are confronted by the fact that the application for rehearing herein was not, under the most liberal construction, 'made by petition, *separate from the briefs,*' as required by the rule, *supra.* On the contrary, the sentence which stated the reason why the decision was thought to be erroneous was, in each instance, followed in the same paragraph by the argument in support thereof. Arguments so presented must be ignored as surplusage, and *reasons for rehearing not supported by argument must be considered waived.*" (Our italics.)[1]

Admittedly, the last clause of the above statement was inept and tends to confuse, rather than clarify, the intended construction of Rule 2-22. Therefore, clarification of the rule seems necessary. Rule 2-22 provides:

"Application for rehearing of any cause shall be made by petition, separate from the briefs, signed by counsel, and filed with the clerk within 20 days from rendition of the decision, stating con-

1. The statement contains a clerical error. It should read, "and reasons for rehearing *so* supported by argument must be considered waived."

cisely the reasons why the decision is thought to be erroneous. Such application may, if desired, be supported by briefs, but such briefs will not be received after the time allowed for filing the petition. Parties opposing the rehearing may file briefs within 10 days after the filing of the petition."

Under the above rule, alleged errors in the opinion, which are assigned as cause or grounds for rehearing, must be supported by a statement which concisely states "the reasons why the decision is thought to be erroneous." [Rule 2-22.] The rule contemplates that, in this manner, the court shall be aided in its consideration of the petition. Consistent with the purpose of the rule, alleged errors in the opinion, not supported by a concise statement of the reasons in support thereof, are considered waived. However, it is not necessary, as stated in the Dorweiler case, *supra*, that such reasons be supported by argument. In any event, however, if such reasons cannot be concisely stated, and it is considered that extensive argument in support of alleged errors in the opinion is desired, such argument must be submitted *separate* from the petition.

In the instant case, appellant's petition for rehearing merely recited numerous instances of errors allegedly committed in the trial court, regarding which appellant considered the decision of the Appellate Court to be in error. These asserted errors were not supported by any statement of reason in explanation of or justification for appellant's position with respect thereto, which statements could aid the court in its consideration of the issues presented by the petition. Therefore, the petition for rehearing did not conform to the requirements of Rule 2-22.

For the reason above stated, the petition for rehearing was properly dismissed by the Appellate Court, and the petition for transfer to this court is denied.

Bobbitt, C. J., Arterburn and Landis, JJ., concur.

Jackson, J., concurs in the result.

NOTE.—Reported in 171 N. E. 2d 823.