CUSTER v. MAYFIELD.

[No. 20,160. Filed April 12, 1965. Rehearing denied May 17, 1965. Transfer denied April 7, 1966.]

*Howard S. Grimm* and *Edgar A. Grimm,* and *Grimm & Grimm,* of Auburn, for appellant.

*William F. McNagny, J. A. Bruggeman,* and *Barrett, Barrett & McNagny,* of Fort Wayne, for appellee.

MOTE, J.—This appeal is predicated upon an action brought by appellant against appellee for damages on account of personal injury sustained in a collision of an automobile in which appellant was riding as a passenger with an automobile being operated by the appellee. For the reasons hereinafter explained, the only possible error submitted by appellant concerns the question as to whether the Special Trial Judge committed reversible and prejudicial error in certain rulings on various motions filed by appellant.

The record indicates the following:

June 30, 1961—Complaint filed—Summons returnable July 19, 1961.

July 26, 1961—Defendant appears by counsel and ruled to answer within fifteen (15) days.

May 25, 1962—Amended complaint filed—copy mailed to defendant's counsel.

June 5, 1962—Motion by defendant to strike out parts of amended complaint—copy mailed to plaintiff's attorney.

Aug. 8, 1962—Application for change of venue from the Judge—Special Judge selected.

Aug. 22, 1962—The Honorable Henry C. Springer of Butler, Indiana, qualified as Special Judge.

Sept. 24, 1962—Motion by defendant to strike out parts of amended complaint filed on May 25, 1962, overruled. Defendant ruled to answer within ten days.

May 29, 1963—Defendant filed motion to strike out other parts of amended complaint and, in the alternative, to require plaintiff to amend his complaint alleging the rate of speed defendant was traveling prior to collision. Copy mailed to the Special Judge at Butler, Indiana.

June 4, 1963—Motion, file marked May 28, 1963, for default judgment.

June 4, 1963—Motion by defendant addressed to plaintiff. Amended complaint sent to Special Judge on May 29, 1963.

June 7, 1963—Supplemental motion by plaintiff for default judgment.

June 7, 1963—Defendant files answer under Rule 1-3 of the Supreme Court.

June 22, 1963—Argument on motion to strike parts of amended complaint and supplemental motion for default judgment. Rulings taken under advisement until July 1, 1963.

July 1, 1963—Special Judge overrules both motions argued on June 26, 1963, and cause was set for trial by jury on November 6, 1963.

The above record reveals that at no time after plaintiff's amended complaint was filed did the appellee violate any rules of pleading procedure, with the possible exception of ■ appellee's failure to answer within ten (10) days on a rule to answer issued on September 24, 1962. Appellant filed no motion for default judgment until May 28, 1963,

and said motion apparently wasn't received by the trial judge until June 4, 1963. Appellee, having filed a motion to strike out or, in the alternative, to require appellant to make his complaint more specific on May 29, 1963, one day after appellant's motion for default judgment was filed, and approximately five (5) days before the same was brought to the attention of the trial judge, could not in any wise be considered in default.

We are not impressed with appellant's contention that his rights were prejudiced or that the trial judge committed reversible error in his rulings on the motion and supplemental motions for default judgment against appellee, in view of the long established and almost universal rule that trial courts may exercise sound discretion in matters of this character. In the case of *Evansville White Swan Laundry, Inc.* v. *Goodman* (1949), 228 Ind. 253, 91 N. E. 2d 180, it is stated:

> "The making up of issues and allowing the filing of pleadings after a rule to answer or reply has expired is within the sound discretion of the trial court, and this court will not disturb such discretionary power unless there is abuse. (Cases cited) . . ."

This cause was tried to a jury who returned a verdict in favor of appellee and against appellant on the issues formed by amended complaint for damages and the answer of appellee.

Appellant, by his praecipe, sought only to bring into the record certain parts thereof, and it reasonably could be concluded that there may be significant parts omitted. Particularly did appellant fail to request that the Bill of Exceptions be included in the transcript, and we find no such Bill of Exceptions therein. Hence, any error which may have been committed in the trial of the issues is not presented to this Court.

Even if we were to hold that the trial court possibly may have committed error, appellant has not demonstrated, by the

record presented to us, prejudicial error, as witness the ■ verdict of the jury finding for appellee and against appellant, and the resultant judgment on the verdict. This leads us to conclude that had the trial court sustained any motion or supplemental motion of appellant for a default judgment, appellant then would have been required to establish by evidence a *prima facie* right to recover, which he apparently was unable thereafter to do before a jury. This kind of record forces us to the conclusion that if there were any error by the trial judge in refusing the motion or motions for default judgment, such error, if any, was not prejudicial.

Appellee seasonably filed herein a motion to dismiss or, in the alternative, to affirm the judgment, the ruling on which was reserved and held in abeyance pending the final ■ submission of this appeal. Since we have had the benefit of the entire record submitted by the parties, and for the reason that appellant has not submitted a justiciable question for determination, we now sustain the motion to dismiss this appeal.

Appeal dismissed.

Bierly, P. J., Hunter and Smith, JJ., concur.

ON PETITION FOR REHEARING.

MOTE, J.—The appellant having filed a petition designated as a "Petition for Rehearing," the appellee filed his "Brief in Opposition to Petition for Rehearing." Having considered said petition filed by appellant, it is the opinion of this Court that compliance with Rule 2-22 of the Rules of the Supreme Court is lacking.

This rule states:

"Rehearings. Application for a rehearing of any cause shall be made by petition, separate from the briefs, signed by counsel, and filed with the clerk within twenty (20) days from rendition of the decision, stating concisely the reasons why the decision is thought to be erroneous. Such application may, if desired, be supported by briefs, but such briefs will not be received after the time allowed for filing the petition. Parties opposing the rehearing may file briefs

within ten (10) days after the filing of the petition. Adopted April 17, 1940. Effective September 2, 1940. Amended June 17, 1943. Effective September 6, 1943."

Appellant has filed no separate brief in support of his petition and has obviously attempted to combine his brief with his statement of reasons for rehearing. In said petition appellant not only argues that our decision is erroneous and attempts to present reasons why, but also reiterates his contentions on the merits of the case already considered in the briefs filed by the parties heretofore, as well as including citations of various authorities to support such contentions.

It has been held by our courts that a petition for rehearing must conform to the aforesaid Rule 2-22 and that it must not be an argumentative brief. See *Guthrie* v. *Blakely et al.* (1956), 127 Ind. App. 119, 130 N. E. 2d 62, 131 N. E. 2d 357; *Maryland Casualty Co., etc.* v. *Weiss* (1958), 129 Ind. App. 481, 156 N. E. 2d 644, 157 N. E. 2d 840.

In the case of *Automobile Underwriters, Inc.* v. *Smith* (1961), 241 Ind. 302, 171 N. E. 2d 823, the Supreme Court stated:

".. . if such reasons (referring to reasons why the decision is thought to be erroneous) cannot be concisely stated, and it is considered that extensive argument in support of alleged errors in the petition is desired, such argument must be submitted *separate* from the petition."

Under the above language that "such argument must be submitted separate from the petition," we conclude that appellant has not conformed to the requirements of Rule 2-22 and appellant's Petition for Rehearing is dismissed.

Bierly, P. J., Hunter and Smith, JJ., concur.

NOTE.—Reported in 205 N. E. 2d 836. Rehearing denied in 207 N. E. 2d 221.