HAAS, ET UX. v. RATHBURN, ET UX.

[No. 19,803. Filed March 25, 1965. Rehearing dismissed April 29, 1965.]

Virgil J. McCarty and Thomas J. O'Connor, of Brookville, for appellants.

Cecil C. Tague, Sr., and Roger H. Smith, of Brookville, for appellees.

SMITH, J.—This appeal is from an action instituted by appellants Frank Haas and Martha Haas to obtain a review of a decision and judgment of the Franklin Circuit Court. The action sought to eject the appellees herein, Russell Rathburn and Ruth Rathburn from the premises leased by the appellants to the appellees. The action was brought pursuant to Ch. 38, §671, Acts of 1881 (Special Session), Burns' Indiana Statutes 3-1301. The gravamen of this action, as alleged in appellants' complaint, is based upon violations by the appellees of certain provisions of a leasehold agreement, charging specifically that the appellees had committed certain acts of waste to the leasehold premises and had violated the leasehold agreement in their failure to "farm said premises in a good farm-like manner" and their failure to "take care of the stock in a good and farm-like manner."

The appellants, pursuant to Ch. 254, §1, of the Acts of 1927, being §3-1304 Burns' Indiana Statutes, 1946 Replacement, at the time of filing their complaint, filed with the clerk of the court an affidavit stating that they were entitled to the possession of the property described in the complaint, and that the appellees unlawfully retained possession thereof. As the result of the filing of this affidavit, the clerk issued an order directing the Sheriff to seize possession of the property described in the complaint and the affidavit.

The appellees did not elect to remain in possession of the leasehold premises by executing and submitting a written undertaking, payable to the appellees with sufficient surety thereon, pursuant to the provisions of Ch. 254, §3, Acts of 1927, the same being Burns' Indiana Statutes 3-1306; and they voluntarily vacated the premises of the leasehold premises in question.

The appellees filed an answer to appellants' complaint wherein they denied each and every allegation of waste and violation of the leasehold contract; and, in addition, filed a counterclaim against the appellants, alleging that the appellants by merely filing their suit in ejectment had breached the leasehold agreement thereby causing substantial damage to the appellees.

Trial was had by jury which found against the appellants on their prayer for damages and for the appellees on their counterclaim and assessed damages in the amount of $800.00.

The issue of ejectment became moot at the time the appellees voluntarily vacated the leasehold premises and is not now under consideration in this appeal.

Appellants' sole assignment of error is, that the trial court erred in overruling appellants' motion for a new trial.

The appellees based their counterclaim solely on the proposition that the action in ejectment filed by the appellants to take possession of the leasehold premises was a repudiation, without qualification, of the leasehold agreement. They do not allege in their counterclaim any other breach of the leasehold agreement.

The appellants specifically maintain that the verdict and judgment on the counterclaim is contrary to law in that the counterclaim filed by the appellees was premature and had not ripened; and that therefore the verdict on the counterclaim was erroneous. In support of their contention appellants rely upon *Trout et al.* v. *Brown et al.* (1954), 125 Ind. App. 381, 123 N. E. (2d) 647. In that case the plaintiff's complaint was solely for possession of the real estate and damages for unlawful detention. Defendants

filed a counterclaim to which the trial court sustained plaintiff's demurrer. Appellants refused to plead over and appealed.

On review this court held:

". . . under the facts presented in this case the appellants did not have a valid counterclaim for damages at the time of the filing of the original complaint by appellees, and such action, if any, on the part of the appellants would not mature unless and until a judgment of wrongful eviction had been decreed by a trial court. It is only then that the appellants could contend that they had been damaged as a result of the action of appellees."

In *Trout, supra*, the plaintiffs demurred to the counterclaim, thereby raising the question of the validity of the counterclaim. In the case at bar, the appellants did not test the validity of the counterclaim by addressing a demurrer to the counterclaim and therefore the question is whether or not the appellants, by failing to demur to the counterclaim, have waived its validity.

It is the contention of the appellees that acts, showing a breach of the leasehold agreement by the appellants, other than the one alleged in the counterclaim, were submitted and received into evidence without objection; and that because of the verdict of the jury, the counterclaim should be considered to include these other acts showing a violation of the leasehold agreement. However, it is well settled that a verdict will not cure an entire failure to state a cause of action so that if the complaint or counterclaim fails to contain facts sufficient to bar another action for the same cause the defect is not cured by a verdict or judgment. *Smith* v. *Smith* (1905), 35 Ind. App. 610, 74 N. E. 1008.

The appellees in the instant case clearly based their counterclaim on the fact that the appellants wrongfully ejected them thereby breaking the contract. The appellees' third rhetorical paragraph of their counterclaim states:

> "That Plaintiffs filed on October 12, 1960, an action in ejectment and for damages and immediate possession of said real estate. That the Sheriff of Franklin County served the papers in the said action upon the defendants and that the defendants removed themselves from the said farm in compliance with the order contained in the papers served upon them. Said action by the Plaintiffs in taking possession of said farm was a repudiation without qualification of the above mentioned contract." (our emphasis)

Because there are no allegations in the counterclaim of other acts that would have constituted a breach of the leasehold agreement, and in view of the Trout decision, supra, we hold that the appellees did not have a valid counterclaim since the issue of wrongful eviction was never before the trial court. It necessarily follows that since appellees never had a valid counterclaim a verdict will not cure this error and the decision is contrary to law.

The judgment is reversed and the cause remanded for a new trial.

Bierly, P. J., Hunter and Mote, JJ., concur.

## ON PETITION FOR REHEARING.

SMITH, J.—The appellees have filed their petition for rehearing consisting of five (5) specifications. The appellants filed their motion to dismiss said rehearing petition on the ground that the petition does not comply with the provision of Rule 2-22 of the Rules of the Supreme Court that:

"Applications for rehearing of any cause shall be made by petition, separate from the briefs . . . *stating concisely the reasons* why the decision is thought to be erroneous." (emphasis supplied)

In *Automobile Underwriters Inc.* v. *Smith* (1961), 241 Ind. 302, 171 N. E. 2d 823, the Supreme Court said:

"Under the above rule, alleged errors in the opinion, which are assigned as cause or. grounds for rehearing *must be supported by a statement which concisely states 'the reasons why the decision is* thought to be erroneous.' Rule 2-22. The rule contemplates that in this manner, the court shall be aided in its consideration of the petition. Consistent with the purpose of the rule, *alleged errors in the opinion, not supported by a concise statement of the reasons in support thereof are considered waived* . . . ." (emphasis supplied)

Since the appellee has not stated any concise reasons by which "the court shall be aided in its consideration of the petition" (*Automobile Underwriters Inc.*, v. *Smith, supra*) we are forced to hold that appellees' petition for rehearing does not comply with Rule 2-22 and presents no ground for a rehearing. The appellants' motion to dismiss appellees' petition for rehearing is granted.

Petition for Rehearing dismissed.

Bierly, P. J., Hunter and Mote, JJ. concur.

NOTE.—Reported in 205 N. E. 2d 329. Petition For Rehearing Reported in 206 N. E. 2d 389.