WILLIAM J. LAMB *v.* JOHN F. THIEME

[No. 2-475A99. Filed September 20, 1977. Rehearing denied November 23, 1977.]

*Stanton Babcock, Stuart, Branigin, Ricks & Schilling,* of Lafayette, for appellant.

*Gregory J. Donat, Heide, Gambs & Mucker,* of Lafayette, for appellee.

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

Defendant-appellant, William J. Lamb (Lamb), appeals from the judgment of the trial court which awarded plaintiff-appellee, John F. Thieme (Thieme), 90 shares of stock of Lafayette Beverage Distributor, Inc., raising the following issues for our review:

1. Whether the judgment is supported by sufficient evidence.

2. Whether the judgment is contrary to law.

3. Whether Thieme is bound by a judicial admission made in his complaint.

The facts necessary for our disposition of this appeal are as follows: On January 1, 1963, Thieme, who was president and general sales manager of Lafayette Beverage, Inc., exercised a stock option to purchase 120 shares of the company's stock at $100 per share. To pay for this stock, Thieme executed a promissory note payable to the order of Lamb on or before December 1, 1968, without interest, and with interest of 8% per annum after maturity. Thieme pledged these 120 shares of stock as collateral for his debt. Lamb, at this time, owned the other 240 shares of the company's stock.

Between January 1, 1963, and March 21, 1973, when this dispute arose, Thieme had paid none of the principal or interest due on the note, and Lamb had made no effort to collect on the note.

Early in March, 1973, Lamb began considering how to divest himself of his stock in Lafayette Beverage to satisfy an order of the Alcoholic Beverage Commission.

On March 21, 1973, Thieme, pursuant to Lamb's request, assigned 30 of his shares of stock to Lamb. Lamb apparently was planning to divest himself of these 30 shares to his son to comply with the order of the Alcoholic Beverage Commission. Thereafter, on May 8, 1973, Lamb presented Thieme a note for $125,000 to be paid over the next 20 years. This note represented

the value of Thieme's remaining 90 shares of stock which was among the original 120 shares of stock he had pledged as security for his $12,000 note upon the exercise of his stock option.

## I.

Thieme contends that when he assigned the 30 shares of stock to Lamb on March 21, 1973, his debt owing to Lamb was thereby discharged, and he thereby became the owner of the remaining 90 shares of stock free from any further obligation to pay for them. The trial court agreed with Thieme. Lamb contends that in order for the judgment of the trial court to withstand appellate scrutiny, it is necessary for this court to find that Thieme's assignment of the 30 shares of stock to Lamb amounted to a payment of Thieme's debt or an accord and satisfaction thereof. We agree with Lamb that these are the only two plausible theories upon which the trial court's judgment can be sustained.

To discharge an obligation by payment connotes satisfying the obligation according to its express terms or equivalent. Usually an obligation is satisfied by the debtor tendering to the creditor money in an amount equivalent to the debt. *Egbert v. Egbert* (1956), 235 Ind. 405, 132 N.E.2d 910. However, money is not the only medium of payment with which the party obligated offers, and the party to whom payment is due, accepts as payment. *Baum v. Nord* (1928), 88 Ind. App. 674, 164 N.E. 294. Therefore, in order for the judgment of the trial court to be affirmed on a theory of payment, it is necessary that there be sufficient evidence in the record that Lamb *intended* to accept the 30 shares of stock assigned to him by Thieme in discharge of Thieme's debt.

It is the opinion of this court that the judgment of the trial court awarding Thieme 90 shares of the stock of Lafayette Beverage Company is not clearly erroneous. Ind. Rules of Procedure, Trial Rule 52(A); *Citizens Gas & Coke Utility v. Wells* (1971), 150 Ind. App. 78, 275 N.E.2d 323.

The evidence and reasonable inferences therefrom that tend to support the trial court's judgment are as follows: Thieme

testified that it was his understanding of the meeting conducted on March 21, 1973, that when he transferred the 30 shares of stock to Lamb that he would then become the owner, without further obligation, of the remaining 90 shares of stock. It appears from the testimony, although somewhat confusing, that the value of the 30 shares of stock Thieme transferred to Lamb was greater than Thieme's debt.

Thieme's testimony was supported by certain documentary evidence. On March 22, 1973, Lamb's attorney sent a letter to the Alcoholic Beverage Commission which, in pertinent part, described the stock ownership of Lafayette Beverage Company as follows:

"* * *

. . . . Accordingly, the 360 shares of common stock of Lafayette Beverage Distributor, Inc. presently issued and outstanding are held as follows:

| Stockholder | No. of Shares |
|---|---|
| James E. Lamb | 270 |
| John F. Thieme | 90 |

* * *"

On March 27, 1973, James Lamb, appellant's son, sent a letter to six breweries which described Thieme as the owner of 90 shares of the company's stock as of April 1, 1973.

On May 2, 1973, Lamb sent a letter to a former employee, which provided in pertinent part, as follows:

"* * *

Enclosed you will find correspondence from the Indiana Alcoholic Beverage Commission as to why I am no longer major stock holder of Lafayette Beverage Dist. The majority stock of Lafayette Beverage has been sold to James E. Lamb and John Thieme still remains the minority stockholder.

* * *"

We are not oblivious to the fact that there was evidence presented to the trial court from which it could have been

concluded that Lamb did not intend for Thieme to become the unencumbered owner of the 90 shares of disputed stock. However, it is axiomatic that on appeal this court will neither weigh the evidence nor attempt to judge the credibility of witnesses.

There being some evidence of probative value from which the trial court could have reasonably concluded that Lamb intended to accept Thieme's transfer of the 30 shares of stock as payment and discharge of his debt, it is the opinion of this court that the judgment of the trial court is supported by sufficient evidence and is not clearly erroneous.

Having determined that the judgment of the trial court can reasonably be supported on a theory of payment and discharge, it will be unnecessary for this court to determine if the trial court's judgment can be sustained on the additional theory of accord and satisfaction.

## II.

Lamb's contention that the judgment of the trial court is contrary to law is predicated upon his belief that the trial court's judgment cannot be affirmed on a theory of payment and discharge. This court has heretofore decided that it can, and we shall not dwell further on this issue.

## III.

Lamb contends that Thieme's averments in his complaint that he was the owner of 120 shares of stock of Lafayette Beverage Company was a judicial admission which precluded Thieme from arguing at trial that when he transferred 30 of his shares of stock to Lamb he became the unencumbered owner of the remaining 90 shares. Lamb contends that this judicial admission demonstrates there was no accord and satisfaction.

Lamb's answer denied Thieme owned 120 shares of stock of the Lafayette Beverage Company. Therefore, the number of shares, if any, to which Thieme was entitled was put in issue. As said by our Supreme Court in the case of *Brown v.*

*Greskowsiak* (1951), 230 Ind. 110, 125, 101 N.E.2d 639, at 645:

". . . Moreover, a party cannot take advantage of an admission in the pleading of his adversary where he has denied the truth of the allegation and joined issue upon it, . . . even though the denial be an indirect one. . . ." (Citations omitted)

Judgment affirmed.

Robertson, C.J. and Buchanan, P.J., by designation, concur.

NOTE — Reported at 367 N.E.2d 602.

## ON APPELLANT'S PETITION FOR REHEARING APPELLEE'S MOTION TO STRIKE APPELLANT'S BRIEF IN SUPPORT OF PETITION FOR REHEARING, AND APPELLEE'S MOTION TO DISMISS PETITION FOR REHEARING

LOWDERMILK, J. — Appellant timely filed his petition for rehearing together with a supporting brief thereon. To this appellee timely filed his motion to strike appellant's brief in support of appellant's petition for rehearing and also filed his motion to dismiss petition for rehearing together with a supporting brief.

Appellant's petition for rehearing contains some argumentative statements together with citations of authority. Their brief in support thereof was filed at the same time with arguments and citations of authority. Appellee attacked appellant's petition for rehearing by filing a motion to strike the brief in support thereof and further attacked the same by filing his motion to dismiss appellant's petition for rehearing together with brief in support thereof supporting the same by written brief filed at the same time.

The motion to strike urges this court to dispose of appellant's right for rehearing by this highly technical means.

Rules of Appellate Procedure, Appellate Rule 11, Rehearings and Transfer, so far as it pertains to this cause is in the words and figures as follows, to wit:

"(A) Rehearings. Application for a rehearing of any cause may be made by petition, separate from the brief, signed by counsel,

and filed with the clerk within twenty (20) days from rendition of the decision, stating concisely the reasons why the decision is thought to be erroneous. Such application may, if desired, be supported by briefs, but such briefs will not be received after the time allowed for filing the petition. Parties opposing the rehearing may file briefs within ten (10) days after the filing of the petition. No extension of time shall be granted for the filing of a petition for rehearing or any brief in connection therewith."

Cases relied on here are under the old Supreme Court Rule 2-22 which is identical to the present Rule above set out except that in the first line of Rule 2-22 the word "may" was "shall" and the last sentence on the new Rule was not a part of the old Rule 2-22.

In *Custer v. Mayfield* (1965) 138 Ind. App. 575 at 579, this court held at page 580, "It has been held by our courts that a petition for rehearing must conform to the aforesaid Rule 2-22 and that it must not be an argumentative brief."

The court further quoted the case of *Automobile Underwriters, Inc. v. Smith* (1961), 241 Ind. 302, 171 N.E.2d 823 as follows:

". . . if such reasons [referring to reasons why the decision is thought to be erroneous] cannot be concisely stated, and it is considered that extensive argument in support of alleged errors in the opinion is desired, such argument must be submitted *separate* from the petition." (Orig. emphasis) (Our insert)

This court then held "such argument must be submitted separate from the petition" and dismissed appellant's petition for rehearing for failure to conform to requirement of Rule 2-22.

In the case of *City of Evansville, et al. v. Lehman* (1966), 138 Ind. App. 587, this court was presented with the same problem on petition for rehearing and again held that the petition for rehearing must conform to Rule 2-22 (Appellate Rule 11(A)) and that it must not be an argumentative brief.

While it is true that appellant's petition for rehearing was somewhat argumentative and did have citations of authority, it was accompanied by a brief containing argument and authorities in compliance with the Rule.

Our Supereme Court has held that where a party has made a

good faith attempt to comply with the Rule that he should not lose his day in court on technical grounds only.

Thus we can best make our ruling on the motion to dismiss and the petition for rehearing by using the words of the late Judge Mote in *City of Evansville, et al. v. Lehman, supra,* at page 633, as follows:

> "It is not our purpose to violate the provisions of any rule, yet we are faced with the general rule that, although rules are adopted for the benefit of the court as well as for the use and benefit of the parties upon which they safely may rely, we do not wish to assume an arbitrary power of dismissal which finally would dispose of the appeal. Hence, we hereby deny the petitions for rehearing, as well as appellee's petition for dismissal of said petitions for rehearing."

Appellee's petition for dismissal of said petition for rehearing is now overruled and appellant's petition for rehearing is now denied. Appellee's motion to strike appellant's brief in support of petition for rehearing is denied.

Robertson, C.J. and

Buchanan, J. (participating by designation) concur.

NOTE—Reported at 369 N.E.2d 681.